854 F.2d 892
 57 USLW 2141, 48 Ed. Law Rep. 796
 Herbert EGGERS, Joyce Eggers, and John Eggers by Joyce
Eggers, his next friend, Plaintiffs-Appellants,
v.
BULLITT COUNTY SCHOOL DISTRICT, William L. Dawson, Bette
Porter, Linda C. Marsh, Thomas Whitt, Nan Wilkins,
Bullitt County Board of Education, and
Frank Hatfield, Defendants-Appellees.
 No. 87-6131.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 19, 1988.
Decided Aug. 18, 1988.
 
 Ava Crow (argued), Dept. of Public Advocacy, Protection and Advocacy Div., Sammie Lambert, Frankfort, Ky., for plaintiffs-appellants.
 Eric G. Farris, Shepherdsville, Ky., Robert L. Chenoweth (argued), Bryan, Fogle & Chenoweth, Frankfort, Ky., for defendants-appellees.
 Before KEITH and WELLFORD, Circuit Judges; and HORTON*, Chief District Judge.
 KEITH, Circuit Judge.
 
 
 1
 This is an appeal from the dismissal of an action for an award of attorney's fees pursuant to the Handicapped Children's Protection Act of 1986 ("HCPA"), 20 U.S.C. Sec. 1415. For the reasons set forth below, we AFFIRM in part and REVERSE in part the district court's judgment.
 
 I.
 
 2
 Appellants Herbert Eggers, Joyce Eggers and John Eggers by Joyce Eggers, his next friend, requested attorney's fees and costs for services performed at an administrative hearing and appeal brought pursuant to the Education of All Handicapped Children's Act ("EAHCA"), 20 U.S.C. Sec. 1400 et seq. Appellees moved the court to dismiss the action on the grounds that the court had no jurisdiction to award attorney's fees to parents who prevail in administrative proceedings under the EAHCA. Appellants argued that the HCPA authorized attorney's fees for prevailing parents at the administrative level.
 
 
 3
 The district court held that the HCPA authorizes attorney's fees to be awarded to parents prevailing at the administrative level. However, the court dismissed the action with prejudice on the ground that appellants' counsel are employees of the Protection and Advocacy Division of the Department of Public Advocacy, a publicly funded state agency. Joint Appendix at 25.
 
 
 4
 Following the court's decision, appellants filed a Motion to Alter and Amend Order and Judgment on July 17, 1987. This motion was overruled by the court, and appellants subsequently appealed to this court.
 
 II.
 
 5
 At the time this action was filed, John Eggers was a sixteen year old student living with his parents in Louisville, Kentucky. John is a "handicapped child" as defined under the EAHCA. As a handicapped child, John is entitled to a free, appropriate public education pursuant to the EAHCA. Appellees are charged under the EAHCA with providing a free, appropriate public education to John.
 
 
 6
 During the 1985-86 school year, disputes arose regarding the appropriate educational placement and services for John. Appellants requested an administrative due process hearing on the disputed issues. Under the EAHCA, the administrative hearing is a mandatory procedure that must be utilized prior to the initiation of judicial action. See 20 U.S.C. Sec. 1415.
 
 
 7
 Appellants were represented by attorneys employed by the Protection and Advocacy Division of the Department of Public Advocacy. The Department of Public Advocacy is an independent state agency which represents individuals with developmental disabilities. It receives both federal and state funds.
 
 
 8
 The administrative hearing was held on July 25, 1986, and August 1, 1986. An administrative hearing decision was entered on September 27, 1986; appellants prevailed on the majority of the issues. Both parties subsequently appealed the hearing decision to the Exceptional Children Appeals Board ("Board"). This appeal is a mandatory administrative step that must be utilized prior to the initiation of judicial action under the EAHCA. On appeal, the Board rendered a decision wholly favorable to appellants.
 
 III.
 
 9
 This case presents two issues for review. The first issue concerns whether the HCPA permits an award of attorney's fees in an action where the merits of the underlying controversy have been resolved in favor of plaintiffs at the administrative level. If such an award is permitted, then the second issue concerns whether the lower court abused its discretion in denying attorney's fees to counsel because counsel are employed by a state agency.
 
 A.
 
 10
 Appellants argue that the district court was correct in its holding that the HCPA allows an award of attorney's fees to plaintiffs who prevail at the administrative level. Appellants contend that New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), and the legislative history of the HCPA support its position. Appellees rely on North Carolina Department of Transportation v. Crest Street Community Council, Inc., 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986), and argue that the statute at issue in Crest Street, 42 U.S.C. Sec. 1988, is consistent with the HCPA and therefore the holding of Crest Street is applicable to this action. We disagree with the position adopted by appellees and find that the district court was correct in holding that the HCPA does indeed allow an award of attorney's fees to plaintiffs who prevail at the administrative level.
 
 
 11
 Section 615 of the HCPA, 20 U.S.C. Sec. 1415, establishes administrative procedures "to assure that handicapped children and their parents or guardians are guaranteed ... safeguards with respect to the provision of free appropriate public education...." 20 U.S.C. Sec. 1415(a). These administrative procedures are mandatory. See 20 U.S.C. Sec. 1415(b)(2).
 
 
 12
 20 U.S.C. Sec. 1415(e)(4)(B) states that "[i]n any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party." It is undisputed that appellants prevailed at the administrative level. Thus, the threshold question for review is whether a mandatory administrative hearing is an "action or proceeding" within the meaning of the HCPA.
 
 
 13
 At the time of the enactment of the HCPA, the Supreme Court in Carey had interpreted the terms "action or proceeding" to include mandatory state administrative proceedings. In Carey plaintiff brought an action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). As required by Sec. 706 of Title VII, plaintiff pursued an administrative remedy. A state administrative hearing was held and plaintiff prevailed. No attorney's fees were awarded. Defendants appealed.
 
 
 14
 Meanwhile, EEOC proceedings had begun and a right-to-sue letter was issued on July 13, 1977. On August 26, the Appeal Board affirmed the administrative decision. Defendants appealed. On September 30, plaintiff filed suit in the United States District Court, alleging claims under 42 U.S.C. Sec. 1981, Title VII and the thirteenth amendment. The complaint also sought attorney's fees. The Appellate Division of the New York Supreme Court unanimously affirmed the Appeal Board's determination; defendants then filed a motion to appeal to the New York Court of Appeals. The appeal was denied, and the federal action was dismissed, except for the request for attorney's fees.
 
 
 15
 The district court denied the request; however, the court of appeals reversed and the Supreme Court affirmed. In dicta, the Supreme Court noted:
 
 
 16
 In sum, we conclude that Secs. 706(f) and 706(k) of Title VII authorize a federal-court action to recover an award of attorney's fees for work done by the prevailing complainant in state proceedings to which the complainant was referred pursuant to the provisions of Title VII.
 
 
 17
 Carey, 447 U.S. at 71, 100 S.Ct. at 2034 (emphasis added). It is important to note that one factor that the Court analyzed to reach its conclusion was "the nature of the proceedings in which respondent participated, and the relationship of those proceedings to Title VII's enforcement mechanisms...." Id. at 61, 100 S.Ct. at 2029. In this regard, the Court found that the interrelated and complementary state and federal enforcement mechanisms mandated "[i]nitial resort to state and local remedies ..., and recourse to the federal forums [was] appropriate only when the State [did] not provide prompt or complete relief." Id. at 65, 100 S.Ct. at 2031-32 (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 48-50, 94 S.Ct. 1011, 1019-20, 39 L.Ed.2d 147 (1974)).
 
 
 18
 Appellees argue that the Supreme Court's decision in Crest Street is controlling. We disagree and hold that the Court's dicta in Carey is persuasive. In Crest Street the Court was confronted with the question of whether attorney's fees under 42 U.S.C. Sec. 1988 could be awarded "in a separate federal action [brought] not to enforce any of the civil rights laws listed in Sec. 1988, but solely to recover attorney's fees." Crest Street, 107 S.Ct. at 337-38.[1] The Court held that under 42 U.S.C. Sec. 1988's plain language and legislative history, only a court in an action to enforce one of the civil rights laws listed in the statute could award attorney's fees. Id. at 340-41.
 
 
 19
 We find that Crest Street is distinguishable from Carey and the present action. In Crest Street, the Court held that litigants who seek to enforce their rights under Title VI and who prevail in an administrative proceeding cannot bring an action solely for attorney's fees under 42 U.S.C. Sec. 1988. We note that Title VI involves an enforcement scheme that does not mandate that claimants initially pursue their grievances at the state or local level. However, in Carey the Court specifically found that one of the reasons it concluded that prevailing plaintiffs at the state level could recover attorney's fees in a separate federal court action was because of the mandatory, complementary nature of the state and federal enforcement scheme under Title VII. Carey, 447 U.S. at 65, 100 S.Ct. at 2031. Similarly, in the case at bar the administrative proceedings that a claimant must follow are mandatory. See 20 U.S.C. Sec. 1415(b)(2). Section (e)(2) of the EAHCA provides that a civil action may be brought in state or federal court only after a party loses at the administrative hearing, and either loses his appeal or has no right to appeal. Thus, on this point, Crest Street is distinguishable.
 
 
 20
 Also, in Crest Street the Court found that the plain language of 42 U.S.C. Sec. 1988 dictated that no separate federal action could be brought to recover attorney's fees. However, language in the HCPA expressly refers to the availability of fees for services performed at the administrative level. 20 U.S.C. Sec. 1415(e)(4)(D)(i) and (iii) provides:
 
 
 21
 (D) No award of attorneys' fees and related costs may be made in any action or proceeding under this subsection for services performed subsequent to the time of a written offer of settlement to a parent or guardian, if--
 
 
 22
 (i) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than ten days before the proceeding begins;
 
 
 23
 * * *
 
 
 24
 * * *
 
 
 25
 (iii) the court or administrative officer finds that the relief finally obtained by the parents or guardian is not more favorable to the parents or guardian than the offer of settlement.
 
 
 26
 We are in agreement with the lower court when, in reference to this language, it stated that "[t]he court concedes that the language of the Act permits the administrative officer to refuse to order an award of attorney's fees and we have difficulty grasping how one can refuse to award something he or she couldn't award in the first place." Joint Appendix at 25. Thus, we find that the language of 20 U.S.C. Sec. 1415(e) is distinguishable from the language in 42 U.S.C. Sec. 1988.
 
 
 27
 The Court in Crest Street also reviewed the legislative history of 42 U.S.C. Sec. 1988 to reach its conclusion. The Court found this legislative history "support[ed] the plain import of the statutory language" and was "replete with references to 'the enforcement of the civil rights statutes "in suits," "through the courts" and by "judicial process." ' " Crest Street, 107 S.Ct. at 340 (citations omitted).
 
 
 28
 The legislative history of the HCPA is in direct contrast to that of 42 U.S.C. Sec. 1988, and is replete with explicit references to the availability of attorney's fees for prevailing parties at administrative proceedings. For example, when the House of Representatives' bill, H.R. 1523, was being considered for passage on November 12, 1985, Representative Williams, the floor manager for the bill, explained its provisions as follows:
 
 
 29
 Let me briefly describe the key components of the legislation.
 
 
 30
 First, it amends part B of EHA to provide that a parent or guardian of a handicapped child who prevails against a school district or State educational agency in a civil action in Federal or State court, or an administrative proceding such as a due process hearing or State appeal, may be awarded reasonable attorney's fees, costs and expenses by the court.
 
 
 31
 * * *
 
 
 32
 * * *
 
 
 33
 Third, the legislation contains a sunset provision under which a court's authority to award fees to parents who prevail in administrative proceedings terminates 4 years after the date of enactment of this legislation if the GAO report is submitted on schedule. Thus, after 4 years, unless Congress passes additional legislation, a court's authority to award fees will be limited to civil actions in State or Federal courts in which parents prevail.
 
 
 34
 131 Cong.Rec. H9966 (daily ed. Nov. 12, 1985) (statement of Rep. Williams) (emphasis added).
 
 
 35
 The House of Representatives' Committee on Education and Labor, to which H.R. 1523 was referred, submitted H.R.Rep. 99-296, which recommended that the bill, as amended, should be passed by the House of Representatives ("House"). That report contained further clarification of the House's intended meaning for the "action or proceeding" language in the HCPA:
 
 
 36
 Section 2 of the bill amends section 615(e)(4) of EHA to permit a court, in its discretion, to award reasonable attorneys' fees, costs, and expenses to the parents or guardian of a handicapped child or youth who is the prevailing party in an action or proceeding (a due process hearing or a state level review) brought under Part B of EHA.
 
 
 37
 The "action or proceeding" language in section 2 of the bill is identical to the language in title VII of the Civil Rights Act of 1964, interpreted by the Supreme Court in New York Gaslight Club v. Carey, 447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723] (1980). In Gaslight, the Court held that the use of the phrase "action or proceeding" indicates an intent to subject the losing party to an award of attorneys' fees, expenses and costs incurred in court. The Court's decision also established a similar right under title VII to obtain an award of fees, costs, and expenses incurred in mandatory state and local administrative proceedings, even where no lawsuit is filed.
 
 
 38
 * * *
 
 
 39
 * * *
 
 
 40
 Further, if a parent prevails on the merits at an administrative proceeding (and the agency does not appeal the decision), the parent may be awarded reasonable attorneys' fees, costs, and expenses incurred in such administrative proceeding. Usually, the amount of such fees, costs, and expenses will be agreed to by the public agency. If no agreement is possible, the parent may file a law suit for the limited purpose of receiving an award of reasonable fees, costs, and expenses.
 
 
 41
 H.R.Rep. No. 99-296, 99th Cong., 1st Sess. 5 (1985) (emphasis added).
 
 
 42
 Therefore, the House bill, as evidenced by both the floor debate and the report accompanying the bill, leaves no doubt that fees could be obtained for administrative representation through a separate legal action, even where no other litigation had been necessary to enforce or challenge an administrative decision.
 
 
 43
 In the Senate, in floor statements made during the passage of the Senate version of the bill, S. 415, Senator Simon, one of the co-sponsors of the HCPA, offered the following clarification concerning the Senate's intended meaning of "action or proceeding":
 
 
 44
 The language of S. 415, which permits the award of a reasonable attorney fee in any action or proceeding brought under this subpart, is identical to the language of title VII of the Civil Rights Act of 1964, interpreted by the Supreme Court in New York Gaslight Club v. Carey (447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723] (1980)....
 
 
 45
 The Court's decision in Gaslight further established the right under title VII to sue solely to obtain an award of attorney's fees for legal work done in State and local proceedings....
 
 
 46
 Under the Court's reasoning, since the Education of the Handicapped Act, like title VII, requires parents to exhaust administrative remedies before seeking judicial relief, prevailing parties under the Education of the Handicapped Act must also be entitled to recover legal fees for the costs of mandatory proceedings.
 
 
 47
 * * *
 
 
 48
 * * *
 
 
 49
 The mandated proceedings are quasijudicial, and intimidating to many parents. School districts often employ attorneys to consult and prepare and/or present the district's position in due process hearings. The parent's tax dollars are helping to pay for that attorney and for any witness the school district may call in opposition to the parent. For even the most well educated and most self-confident parent, representing oneself on a matter as vital as the education of one's child, and having to be examined and [to] cross-examine witnesses, is an overwhelming prospect. When a parent is poor, of a minority group, or not well-versed in the intricacies of the law and regulations, the inequities of the situation are greatly increased. Increasing the possibility that such a parent may have access to representation when necessary is one step toward making the procedural rights of Public Law 94-142 work for everyone.
 
 
 50
 131 Cong.Rec. S10400 (daily ed. July 30, 1985) (statement of Sen. Simon) (emphasis added).
 
 
 51
 The Senate Committee on Labor and Human Resources, to which S. 415 was referred, also reported favorably upon the bill and recommended that the bill, as amended, should pass. The Senate Report contained the following language with respect to the availability of fees for the prevailing party in the mandatory administrative proceedings:
 
 
 52
 The committee also intends that section 2 should be interpreted consistent with fee provisions of statutes such as title VII of the Civil Rights Act of 1964 which authorizes courts to award fees for time spent by counsel in mandatory administrative proceedings under those statutes. See New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 [100 S.Ct. 2024, 64 L.Ed.2d 723] (1980), (compare Webb v. Board of Education for Dyer County, 53 U.S.L.W. 4473 [471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233] (April 17, 1985), in which the court declined to award fees for work done at the administrative level because the statute under which the suit was brought did not require the exhaustion of administrative remedies prior to going to court).
 
 
 53
 The Committee intends that S. 415 will allow the Court, but not the hearing officer, to award fees for time spent by counsel in mandatory EHA administrative proceedings.
 
 
 54
 S.Rep. No. 99-112, 99th Cong., 2d Sess. 14, reprinted in 1986 U.S.Code Cong. & Admin.News 1798, 1804 (footnote omitted).
 
 
 55
 Finally, the Joint Explanatory Statement of the Conference Committee described the resolution of conflicting provisions between the House and Senate versions of the bill. With regard to the issue of an award of attorney's fees to prevailing parties at the administrative level, the Conference Committee concluded:
 
 
 56
 7. The House amendment, but not the Senate bill, sunsets the court's authority to award fees at the administrative level after a period of time specified in the legislation. The House recedes.
 
 
 57
 H.R.Rep. No. 99-687, 99th Cong., 2nd Sess. 7, reprinted in 1986 U.S.Code Cong. & Admin.News, 1798, 1809. Thus, the legislative history of the HCPA is clear that parents prevailing at the administrative level could bring a separate action for an award of attorney's fees.
 
 B.
 
 58
 Having found that the HCPA does allow an award of attorney's fees, we must now determine if the lower court abused its discretion by refusing to grant a fee award to appellants' attorneys because counsel were employees of a publicly funded state agency.[2] See Tarter v. Raybuck, 742 F.2d 977, 984 (6th Cir.1984), cert. denied, 470 U.S. 1051, 105 S.Ct. 1749, 84 L.Ed.2d 814 (1985) (decision to award attorney's fees is committed to the discretion of the trial judge). Appellees argue that the district court did not abuse its discretion. They specifically argue that the issue involves an application for attorney's fees by one department of state government against another, and that no case law supports the proposition that fee awards can be granted in such a situation. Appellants argue that it was the intent of Congress to allow an award of fees pursuant to the HCPA to private as well as publicly funded attorneys. Appellants further argue that the Supreme Court has held that the fact that counsel is employed by the state rather than a non-profit legal services office is irrelevant when a determination is being made to award fees to a publicly funded entity. See Washington v. Seattle School District No. 1, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982). Thus, appellants argue that the district court abused its discretion. We agree with appellants' argument.
 
 
 59
 When Congress passed the EAHCA in 1975, it established broad rights for handicapped children. The statute's principal purpose is to ensure adequate education for handicapped children. Roncker v. Walter, 700 F.2d 1058 (6th Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 171 (1983). The proceedings under the statute are subjected to de novo review by federal and state courts. 20 U.S.C. Sec. 1415(e)(2).
 
 
 60
 Prior to 1984, federal courts were confronted with claims under the EAHCA that were filed in conjunction with claims under 42 U.S.C. Sec. 1983 and Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. In many of these cases, courts were asked to award attorney's fees under 42 U.S.C. Sec. 1988 and Sec. 505 of the Rehabilitation Act of 1973.[3] In 1984, however, the Supreme Court, in Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), held that the procedural scheme defined in the EAHCA was the exclusive remedy for educational claims, and that attorney's fees were not available to a prevailing party.
 
 
 61
 In 1986, Congress responded to the Court's decision in Smith by passing the HCPA, which specifically provides for awards of attorney's fees to parents who are prevailing parties in actions brought under the EAHCA.[4] The legislative history of HCPA demonstrates that the issue of awarding attorney's fees to parents represented by publicly funded organizations was considered by Congress and resolved by making no distinction between private and publicly funded attorneys.
 
 
 62
 S. 415 was introduced in the Senate on February 6, 1985. The bill provided for an award of reasonable attorney's fees to prevailing parents, but limited the award in cases where the parent was represented "by an attorney who is employed by an organization which receives its operating expenses from Federal, State or local governmental sources for the purpose of providing legal services" to the organization's costs of providing representation. S.Rep. No. 99-112, 99th Cong., 2d Sess. 12, reprinted in 1986 U.S.Code Cong. & Admin. News 1798, 1802. The Senate adopted this bill on July 30, 1985. In the House, H.R. 1523 provided for an award of reasonable attorney's fees without regard to the identity of the parent's representative.
 
 
 63
 The bill went to a Conference Committee, where a compromise was reached. The Joint Explanatory Statement of the Conference Committee states the following:
 
 
 64
 The House recedes to the Senate and the Senate recedes to the House with an amendment clarifying that "fees awarded under this subsection shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." See Hensley v. Eckerhart, 461 U.S. 424 [103 S.Ct. 1933, 76 L.Ed.2d 40] (1983); Marek v. Chesny, [473 U.S. 1, 105 S.Ct. 3012] 87 L.Ed.2d 1 (1985); and Blum v. Stenson, [465 U.S. 886] 104 S.Ct. 1541 [79 L.Ed.2d 891] (1984).
 
 
 65
 H.R.Conf.Rep. No. 99-687, 99th Cong., 2d Sess. 5-6, reprinted in 1986 U.S.Code Cong. & Admin.News 1798, 1808 (footnote omitted). Thus, the compromise reached was that publicly funded counsel would be compensated at prevailing rates.[5]
 
 
 66
 The above conclusion is reinforced by the fact that by citing Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), Congress expressed its clear intent to allow attorney's fees to publicly funded agencies. In Blum, the Supreme Court considered a request for attorney's fees under 42 U.S.C. Sec. 1988 by a non-profit legal aid society. The Court held:
 
 
 67
 The statute and legislative history establish that "reasonable fees" under Sec. 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel.
 
 
 68
 Blum, 465 U.S. at 895, 104 S.Ct. at 1547 (footnote omitted). Thus, the legislative intent of Congress is clear--the HCPA allows an award of attorney's fees to prevailing parents, regardless of whether counsel is employed by a private or publicly funded organization.
 
 
 69
 Appellees vigorously argue that while there is a legal foundation for an award of attorney's fees to counsel employed by non-profit legal organizations, there is no legal support for the award of attorney's fees to one department of state government against another department. We disagree. In Washington v. Seattle School District No. 1, 458 U.S. 457, 102 S.Ct. 3187, 73 L.Ed.2d 896 (1982), three local school districts sued the state on equal protection grounds, challenging a statute designed to terminate the use of mandatory busing to achieve racial integration in the public schools. The school districts prevailed; however, attorney's fees pursuant to 42 U.S.C. Sec. 1988 and 20 U.S.C. Sec. 3205 were denied. The district court reasoned that attorney's fees could not be awarded because the school districts were state-funded entities. The United States Court of Appeals for the Ninth Circuit reversed, concluding that the district court abused its discretion in denying fees. Seattle School District No. 1 v. Washington, 633 F.2d 1338 (9th Cir.1980). The court determined that the school district fell within the language of the attorney's fee statutes, and that "[a]s long as a publicly-funded organization advances important constitutional values, it is eligible for fees under the statutes." Id. at 1348.
 
 The Supreme Court affirmed, holding that:
 
 70
 The districts are plainly parties covered by the language of the fee statutes.... In any event, the underlying congressional policies are served by awarding fees in cases such as the one before us: no matter what the source of their funds, school boards have limited budgets, and allowing them fees "encourage[s] compliance with and enforcement of the civil rights laws." Dennis v. Chang, 611 F.2d [1302] at 1306 [9th Cir.1980]. See id., at 1306-1307. While appellants suggest that it is incongruous for a State to pay attorney's fees to one of its school boards, it seems no less incongruous that a local board would feel the need to sue the State for a violation of the Fourteenth Amendment.
 
 
 71
 Washington, 458 U.S. at 487 n. 31, 102 S.Ct. at 3204 n. 31. Thus, it is clear that attorney's fees can be awarded to state-funded organizations.
 
 
 72
 In the present case, the HCPA allows an award of attorney's fees to prevailing parents represented by publicly-funded attorneys. Nothing in the legislative history or the language of the statute was meant to exclude state-funded entities. Washington, 458 U.S. at 487 n. 31, 102 S.Ct. at 3204 n. 31. Thus, pursuant to the Court's holding in Washington and the intent of Congress in passing the HCPA, we hold that the lower court abused its discretion in denying fees; prevailing parents represented by state-funded attorneys are allowed an award of attorney's fees.
 
 
 73
 Accordingly, for the reason set forth above, we AFFIRM in part, and REVERSE in part, and remand to the district court for an appropriate award of attorney's fees to counsel for appellants.
 
 
 
 *
 Honorable Odell Horton, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation
 
 
 [1]
 In Crest Street, plaintiff brought an action pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. Sec. 2000d. Crest Street, 107 S.Ct. at 338
 
 
 [2]
 The court stated:
 It seems to the Court to be an anomaly to award attorney's fees to a state agency which is publicly funded and charged with the responsibility to do just exactly what it did. This anomaly is particularly evident when the entity against which attorney's fees are awarded is aso [sic] a publicly funded agency and an arm of the Commonwealth. See Cullinan v. Jefferson County, 418 S.W.2d 407 (Ky.1967).
 Joint Appendix at 25.
 
 
 [3]
 As originally enacted, the EAHCA did not provide for an award of attorney's fees
 
 
 [4]
 HCPA was enacted August 5, 1986, but it made the attorney's fee provision applicable to all actions brought under 20 U.S.C. Sec. 1415(e) after July 5, 1984. Appellees do not challenge the retroactive effective date provided by Congress, although the administrative hearings at issue preceded August 5, 1986
 
 
 [5]
 In explaining this compromise language, Representative Williams stated:
 [T]he Senate bill limits the amount of the fee award whenever a parent or legal representative is represented by a publicly funded organization that provides legal services. We ... refer to this provision as the "double standard" provision. The House amendment provides that fee awards shall be based on rates prevailing in the community.
 Under the conference agreement, the Senate recedes to the House and the House recedes to the Senate. Specifically, the Senate conferees agreed to drop the "double standard" provision and the House conferees agreed not to authorize the awarding of bonuses and multipliers....
 
 
 [132]
 Cong.Rec. H4842 (daily ed. July 24, 1986) (statement of Rep. Williams)