Accordingly, we dismiss for lack of jurisdiction.

McSOMEBODIES, et al., (No. 1),
Plaintiffs–Appellants,

v.

BURLINGAME ELEMENTARY
SCHOOL DISTRICT,
Defendant–Appellee.

Nos. 88–15072, 89-15270.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 17, 1989.

Decided Oct. 3, 1989.

As Supplemented March 2, 1990.

Michael A. Zatopa and Richard M. Pearl, San Francisco, Cal., for plaintiffs-appellants.

Thomas F. Casey, III, County Counsel, by Diane E. Finkelstein, Deputy, San Mateo, Cal., for defendant-appellee.

Before CHAMBERS and WIGGINS, Circuit Judges, and BREWSTER,* District Judge.

CHAMBERS, Circuit Judge:

At the outset, we change for this opinion the caption to "McSomebodies, et al., v. Burlingame Elementary School District". We do this because the case involves a very young school child, and we do not think his name should be bound up for posterity in buckram. He may very well recover from his infirmities.

At issue here is the tail of the dog: attorney's fees against Burlingame Elementary School District.

Preceding this attorney's fees business, the defendant had been treating the child with certain efforts at the school house. Then, for a while, he was placed in the Hart Day School. That did not do very much for him. His parents requested placement of the boy in a residential setting. The School District refused.

An administrative hearing was held which resulted in a ruling in favor of the plaintiffs. The School District did not appeal. After the administrative decision, plaintiffs asked for attorney's fees, costs and expenses, and were denied.

Now the *Handicapped Children's Protection Act of 1986*, Pub.L. No. 99–372, 100 Stat. 796–98, comes into play.

The plaintiffs filed an original suit, not an appeal in the U.S. District Court for the Northern District of California. That court ruled against plaintiffs.

On appeal we reverse, holding that the plaintiffs may recover attorney's fees and appropriate costs plus expenses. See *Duane M. v. Orleans Parish School Board*, 861 F.2d 115 (5th Cir.1988), and *Eggers v. Bullitt County School District*, 854 F.2d 892 (6th Cir.1988).

Of course, our trial court, at the time of its decision, did not have the plethora of cases now available.

REVERSED for proceedings consistent with our decision.

The panel elects to adhere to its decision of October 3, 1989, choosing the dissenting opinion of Judge Edwards in *Moore v. District of Columbia*, 886 F.2d 335 (D.C.Cir. 1989) as representing the majority of the several other circuits that have spoken on the issues of our case.