70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey GERA, a minor by and through his guardian ad litem,
Susan Gera; Susan Gera, individually, Plaintiffs-Appellants,
v.
PARAMOUNT UNIFIED SCHOOL DISTRICT, Defendant-Appellee.
 No. 95-55113.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 20, 1995.*
Decided: Nov. 15, 1995.
 
 Before: POOLE and O'SCANNLAIN, Circuit Judges; MARSH,** District Judge.
 MEMORANDUM***
 Jeffrey Gera, a minor by and through his guardian ad litem Susan Gera, and Susan Gera ("the Geras") appeal the district court's order dismissing their complaint for lack of jurisdiction. The Geras filed the complaint to recover attorneys' fees from the Paramount Unified School District ("Paramount") in California related to a state administrative proceeding that took place pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. 1/2 1415(e)(4)(B) (West Supp.1995). We have jurisdiction under 28 U.S.C. 1/2 1291 and we reverse the district court and remand for further proceedings consistent with this decision.
 * In an order entered on December 19, 1994, the district court, on its own motion and without making any findings, dismissed the Geras' complaint "with prejudice for lack of jurisdiction." The district court's conclusion that it lacked jurisdiction is reviewed de novo. Nike, Inc. v. Comercial Iberica de Exclusivas, 20 F.3d 987, 990 (9th Cir.1994); Bourassa v. Desrochers, 938 F.2d 1056, 1057 (9th Cir.1991).
 II
 The IDEA " 'confers upon disabled students an enforceable substantive right to public education in participating States, and conditions federal financial assistance upon a State's compliance with substantive and procedural goals of the Act.' " Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig, 976 F.2d 487, 491 (9th Cir.1992) (quoting Honig v. Doe, 484 U.S. 305, 310 (1988)); see 20 U.S.C.A. 1/2 1412 (West 1990 & Supp.1995). Under the IDEA, participating states such as California develop an individualized education program ("IEP") for each child with a disability. 20 U.S.C.A. 1/2 1414(a)(5).
 In addition, the IDEA requires participating states to adopt procedural safeguards, which include notification of parents or guardians of a disabled child of any proposed change in "the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to the child." 20 U.S.C.A. 1/2 1415(b)(1)(C). The IDEA also requires that parents or guardians be permitted to bring a complaint concerning "any matter relating to" such evaluation and educational placement. 20 U.S.C.A. 1/2 1415(b)(1)(E).
 Upon bringing a complaint, the parents or guardians are entitled to "an impartial due process hearing" conducted either by a state or local educational agency, or an intermediate educational unit, as determined by state law. 20 U.S.C.A. 1/2 1415(b)(2). In California, which has implemented the procedural safeguards required by 20 U.S.C. 1/2 1415, the hearing is "conducted by a person knowledgeable in the laws governing special education and administrative hearings[.]" Cal.Educ.Code 1/2 56505(c) (West 1989 & Supp.1995); see Cal.Educ.Code 1/2 1/2 56500-56507. After the hearing officer renders a decision, "[a]ny party aggrieved by the findings and decision" has the right to bring a civil action in state or federal court. 20 U.S.C.A. 1/2 1415(e)(2); see Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th Cir.1993), cert. denied, 115 S.Ct. 90 (1994).
 III
 During the 1993-94 academic year, Jeffrey Gera was a 14-year-old student in the eighth grade. From second grade until the end of seventh grade in June 1993, Jeffrey was eligible for special education due to a learning disability. In June 1993, Paramount held an IEP meeting to determine whether Jeffrey was still qualified for special education. Paramount concluded that Jeffrey was no longer qualified for special education and created a plan to place him in a resource services program while transitioning him from a special day class to a regular education program. Disagreeing with this assessment, the Geras requested that Jeffrey be placed in a nonpublic program. Paramount refused, and Susan Gera filed for and received a due process hearing before the California Special Education Hearing Office.
 In a decision dated March 26, 1994, the state hearing officer concluded that Jeffrey was learning disabled and as such was eligible for special education, but that Paramount was not required to place Jeffrey in a nonpublic school program because Paramount could provide Jeffrey with a free appropriate public education.
 IV
 Paramount contends that the district court lacks jurisdiction to award attorneys' fees to the Geras because neither the decision nor the order issued by the state hearing officer refers to the IDEA; instead, both the order and the decision refer to provisions of the California Education Code. However, Paramount fails to note that California adopted the Education Code provisions cited in the order and decision for the specific purpose of complying with the requirements of the IDEA. See Cal Educ.Code 1/2 56500.1(a) ("All procedural safeguards under the Individuals with Disabilities Education Act ... shall be established and maintained by each noneducational and educational agency that provides education, related services, or both, to children who are individuals with exceptional needs.") (West Supp.1995); id. 1/2 56505(c) (establishing hearing required by 20 U.S.C. 1/2 1415(b)(2)). Therefore, the state hearing was conducted pursuant to the IDEA and thus the Geras have the right to bring a civil action relating to the hearing in state or federal court. 20 U.S.C.A. 1/2 1415(e)(2).
 Moreover, section 1415(e)(4)(B) of the IDEA provides: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C.A. 1/2 1415(e)(4)(B) (West Supp.1995). This court has repeatedly held that the IDEA authorizes a party who prevailed at a state administrative hearing under the Act to bring an action in federal court for the purpose of obtaining an award of attorneys' fees. Barlow-Gresham Union High Sch. Dist. v. Mitchell, 940 F.2d 1280, 1284 (9th Cir.1991); McSomebodies (No. 1) v. Burlingame Elementary Sch. Dist., 897 F.2d 974 (9th Cir.1989); see Prescott v. Palos Verdes Peninsula Unified Sch. Dist., 659 F.Supp. 921 (C.D.Cal.1987).
 V
 Since 20 U.S.C. 1/2 1415(e)(4)(B) grants the district court jurisdiction to hear the Geras' complaint for attorneys' fees, we reverse the district court's order dismissing the Geras' complaint and we remand for further proceedings consistent with this decision.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3