70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ann KLETZELMAN, Plaintiff-Appellant,
v.
CAPISTRANO UNIFIED SCHOOL DISTRICT; Capistrano Unified
School District Board of Education, Defendants-Appellees.
 No. 94-55438.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 20, 1995.*
Decided: Nov. 15, 1995.
 
 1
 Before: POOLE and O'SCANNLAIN, Circuit Judges; MARSH,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ann Kletzelman appeals the district court's judgment, after a bench trial, denying her request for attorneys' fees from the Capistrano Unified School District ("CUSD") and the CUSD Board of Education in her action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. Sec. 1415(e)(4)(B) (West Supp.1995). On appeal, Kletzelman contends that the district court erred in ruling that there was no dispute between Kletzelman and the CUSD and that Kletzelman was thus not a prevailing party entitled to fees and costs. Kletzelman also claims that the district court erred by denying her motion for a jury trial on the ground that the ten-day limit imposed by Federal Rule of Civil Procedure 38 had expired. We discuss these two claims in turn.
 
 
 4
 * The IDEA " 'confers upon disabled students an enforceable substantive right to public education in participating States, and conditions federal financial assistance upon a State's compliance with substantive and procedural goals of the Act.' " Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig, 976 F.2d 487, 491 (9th Cir.1992) (quoting Honig v. Doe, 484 U.S. 305, 310 (1988)); see 20 U.S.C.A. Sec. 1412 (West 1990 & Supp.1995). Under the IDEA, participating states such as California develop an individualized education program ("IEP") for each child with a disability. 20 U.S.C.A. Sec. 1414(a)(5).
 
 
 5
 In addition, the IDEA requires participating states to adopt procedural safeguards, which include notification of parents or guardians of a disabled child of any proposed change in "the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to the child." 20 U.S.C.A. Sec. 1415(b)(1)(C). The IDEA also requires that parents or guardians be permitted to bring a complaint concerning "any matter relating to" such evaluation and educational placement. 20 U.S.C.A. Sec. 1415(b)(1)(E).
 
 
 6
 Upon bringing a complaint, the parents or guardians are entitled to "an impartial due process hearing" conducted either by a state or local educational agency, or an intermediate educational unit, as determined by state law. 20 U.S.C.A. Sec. 1415(b)(2). In California, which has implemented the procedural safeguards required by 20 U.S.C. Sec. 1415, the hearing is "conducted by a person knowledgeable in the laws governing special education and administrative hearings[.]" Cal.Educ.Code Sec. 56505(c) (West 1989 & Supp.1995); see Cal.Educ.Code Secs. 56500-56507. After the hearing officer renders a decision, "[a]ny party aggrieved by the findings and decision" has the right to bring a civil action in state or federal court. 20 U.S.C.A. Sec. 1415(e)(2); see Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1469 (9th Cir.1993), cert. denied, 115 S.Ct. 90 (1994).
 
 II
 
 7
 Here, the district court found the following facts. In February 1993, Kletzelman requested that the CUSD test her son and schedule an IEP meeting to determine his educational needs and appropriate school placement for fall 1993. The CUSD scheduled the IEP meeting for April 27, 1993. Prior to the meeting, Kletzelman and her husband retained the services of an attorney, Emir Phillips.
 
 
 8
 The IEP meeting took place on April 27, 1993. Contending that David was seriously emotionally disturbed, the Kletzelmans wanted David to be placed in an appropriate private school, while the CUSD wanted to place David in a CUSD school for communicatively handicapped children. The CUSD scheduled a second IEP meeting to reconsider David's condition and placement. Prior to the second IEP meeting, the CUSD arranged to have David examined by Orange County Mental Health Services, which concluded that David was seriously emotionally disturbed. At the IEP meeting on June 28, 1993, the CUSD agreed to classify David as seriously emotionally disturbed and to place him in a private school that was satisfactory to the Kletzelmans.
 
 
 9
 In July 1993, the Kletzelmans requested attorney's fees of approximately $4000 from the CUSD for their attorney's efforts in having David declared seriously emotionally disturbed and placed in a private school. When the CUSD refused to pay the fees, Ann Kletzelman filed suit pursuant to the attorneys' fees provision of the IDEA. 20 U.S.C.A. Sec. 1415(e)(4)(B).
 
 III
 
 10
 Section 1415(e)(4)(B) of the IDEA provides: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C.A. Sec. 1415(e)(4)(B) (West Supp.1995). This court has construed section 1415(e)(4)(B) to justify the award of attorneys' fees to parents who prevailed at an administrative hearing or reached a favorable settlement prior to a scheduled administrative hearing. Barlow-Gresham Union High Sch. Dist. v. Mitchell, 940 F.2d 1280, 1284 (9th Cir.1991); McSomebodies (No. 1) v. Burlingame Elementary Sch. Dist., 897 F.2d 974, 975 (9th Cir.1989); see Masotti v. Tustin Unified Sch. Dist., 806 F.Supp. 221, 224-25 (C.D.Cal.1992).
 
 
 11
 Here, Kletzelman never requested an administrative hearing by filing a complaint pursuant to the IDEA, 20 U.S.C.A. Sec. 1415(b)(1)(E); instead, Kletzelman obtained satisfactory placement of David by taking part in two IEP meetings.
 
 IV
 
 12
 A district court's discretion to deny a request for attorneys' fees is narrow. Abu-Sahyun v. Palo Alto Unified Sch. Dist., 843 F.2d 1250, 1252 (9th Cir.1988). For the purpose of awarding attorneys' fees, a prevailing party is one that " 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " Parents of Student W v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir.1994) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (citation omitted)). "[A]t a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989) (citation omitted). " 'Where the plaintiff's success on a legal claim can be characterized as purely technical or de minimis,' " the plaintiff cannot recover fees as a prevailing party. Parents of Student W, 31 F.3d at 1497 (quoting Texas State Teachers, 489 U.S. at 792). "There must be a causal link between the litigation brought and the outcome gained." Id.
 
 
 13
 The district court held that Kletzelman failed to carry her burden of establishing by a preponderance of the evidence that a "dispute," for the purposes of 20 U.S.C. Sec. 1415(e)(4)(B), existed between the parties before the CUSD agreed to place David in a private school. Two IEP meetings, which resulted in a school placement that satisfied the parents, did not give rise to a dispute for the purposes of section 1415(e)(4)(B) of the IDEA. Supported by the record and the case law of the circuit, the district court's finding does not constitute clear error. Thus, the district court's denial of Kletzelman's request for attorney's fees was not an abuse of discretion.
 
 V
 
 14
 Kletzelman also claims that the district court erred by denying her motion for a jury trial on the ground that the ten-day limit had expired. Fed.R.Civ.P. 38.
 
 
 15
 Federal Rule of Civil Procedure 38(b) provides:
 
 
 16
 Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
 
 
 17
 "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d).
 
 
 18
 The last pleading was the CUSD's Answer, which was filed with the court on January 6, 1994. On February 7, 1994, Kletzelman's attorney made an oral motion before the court for trial by jury. The attorney claimed that he had not received proper service of the Answer because he received a facsimile instead of personal service or mail service. Fed.R.Civ.P. 5(b). However, the proof of service provided by the CUSD's attorney indicated that the Answer was mailed to Kletzelman's attorney on December 16, 1993. Moreover, when pressed by the court, Kletzelman's attorney conceded that the motion was untimely. Since Kletzelman's motion for a jury trial was untimely and not in writing as required by Rule 38, the district court did not err in finding that Kletzelman had waived her right to trial by jury. Fed.R.Civ.P. 38.
 
 
 19
 Despite a party's untimely demand for trial by jury, a district court in its discretion and upon motion may order a jury trial. Fed.R.Civ.P. 39(b); Blau v. Del Monte Corp., 748 F.2d 1348, 1357 (9th Cir.1984), cert. denied, 474 U.S. 865 (1985). However, this court has held that this discretion is "narrow" and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Blau, 748 F.2d at 1357 (citing Lewis v. Time, Inc., 710 F.2d 549, 556-57 (9th Cir.1983)). Here, Kletzelman's attorney revealed his oversight and inadvertence by conceding to the district court that he did not even know about Rule 38's ten-day requirement until the court drew his attention to it on February 7, 1994, one month after the filing of the last pleading. Therefore, the district court did not abuse its discretion in denying Kletzelman's untimely demand for trial by jury.
 
 VI
 
 20
 For the foregoing reasons, the district court's judgment denying Kletzelman's request for attorney's fees under section 1415(e)(4)(B) of the IDEA is affirmed.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Malcolm F. Marsh, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3