142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul ANDERSON, Plaintiff-Appellant,
v.
UNITED STATIONERS SUPPLY COMPANY a California Corporation,
Wally Gustavson, Edward Mooney, Al Shaw, Arthur
Hiatt, Joel Spungin and Oran Ashley,
Defendants-Appellees.
 No. 97-15631.
D.C. No. 94-CV-1701--GEB (JFM).
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 13, 1998[2].
Decided Apr. 16, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding.
 
 
 2
 Before SKOPIL and KOZINSKI, Circuit Judges, and WEINER,[3] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Paul Anderson appeals two orders of the district court, the first striking his jury demand in 94-CV-1701 (Anderson I), and the second dismissing his complaint in 96-CV-440 (Anderson II) and imposing monetary sanctions. The district court had jurisdiction pursuant to 28 U.S.C. § 1332, we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 The district court struck the jury demand in Anderson I because it was untimely filed due to inadvertence or oversight. Anderson does not contest that the district court applied the correct standard in striking the jury demand, see Lewis v. Time Inc., 710 F.2d 549, 556-57 (9th Cir.1983) (the district court's discretion under Fed.R.Civ.P. 39(b) is narrow; a party cannot obtain relief from a jury waiver under the Rule when the only reason advanced for the party's failure to timely demand a jury was inadvertence or oversight). Rather, he asserts that Lewis and its progeny were incorrectly decided.[4]
 
 
 5
 This panel's ability to ignore this well-established line of cases, even if it were so disposed, is even more narrow. "It is settled law that one three-judge panel of this court cannot ordinarily reconsider or overrule the decision of a prior panel.... This principle, that three-judge panels must respect binding circuit precedent, applies even if we believe that precedent to be erroneous." Santamaria v. Horsley, 110 F.3d 1352, 1355 (9th Cir.1997), rehearing en banc granted, 119 F.3d 795 (9th Cir.1997), panel decision vacated on other grounds, 133 F.3d 1242 (9th Cir.1998) (citations omitted); see also In re Osborne, 76 F.3d 306, 309 (9th Cir.1996). Accordingly, we conclude under Lewis, that the district court did not abuse its discretion in striking the untimely jury demand.
 
 
 6
 Anderson's argument that the district court abused its discretion in dismissing Anderson II is also without merit. It is clear from the record that Anderson filed the second complaint for the purpose of circumventing the district court's order striking his jury demand. Although he makes the conclusory assertion, both here and before the district court, that he has discovered new evidence inculpating the individual defendant, he has never stated with any specificity what he learned or when he learned it. Since Anderson admits that the filing of Anderson II and the subsequent motion to consolidate it with Anderson I were in part a litigation strategy designed to have both actions heard before a jury, we conclude that the district court did not abuse its discretion in dismissing the case.
 
 
 7
 Finally, appellant's counsel takes issue with the district court's imposition of monetary sanctions against them. Since counsel's efforts to circumvent the order striking the jury demand unquestionably multiplied the proceedings before the district court, the imposition of monetary sanctions upon counsel was not an abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 We most recently reaffirmed Lewis in Kletzelman v. Capistrano Unified School District, 91 F.3d 68, 71 (9th Cir.1996)