**Arthur E. FISHER, Plaintiff–Appellant,**

v.

**PAUL REVERE INSURANCE GROUP, et al., Defendants–Appellees.**

**No. 01–16617.**
**D.C. No. CV–99–00627–PJH/MEJ.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2002.

Decided Dec. 31, 2002.

of this circuit except as provided by Ninth Circuit Rule 36–3.

Before FERGUSON, BRUNETTI and TASHIMA, Circuit Judges.

## MEMORANDUM*

Appellant Arthur E. Fisher raises two issues on appeal. First, he contends that the District Court erred in denying his request for a remand to state court after the Defendants removed the case to federal court on the basis of diversity of citizenship. Second, he contends that the District Court abused its discretion when it failed to grant him a discretionary jury trial. Because the parties are familiar with the facts and the procedural history, they are not recited here. For the reasons discussed below, we affirm both of the District Court's decisions.

## I. Denial of Motion for Remand to State Court

Fisher alleges that the District Court erred when it denied his request for a remand to state court on the basis that the California resident Fisher named in his complaint, Bob Silverman, was fraudulently joined. We review the District Court's denial of Fisher's request for a remand to state court *de novo*. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998). The factual findings underlying the District Court's decision are reviewed for clear error. *Kruso v. Int'l Tel. & Tel.*, 872 F.2d 1416, 1421 (9th Cir.1989).

In order for diversity jurisdiction to be present, there must be "complete diversity" such that "each of the plaintiffs [is] a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Fisher's complaint alleged only one cause of action against Silverman, "intentional misrepresentation." Under California law, a plaintiff alleging a tort action for deceit must show five elements: misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996); *see also* CAL. CIV.CODE §§ 1709, 1710 (West 1999). "In order to establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action. General and conclusory claims of fraud will not suffice." *Conrad v. Bank of America*, 45 Cal. App.4th 133, 156, 53 Cal.Rptr.2d 336 (1996) (citing *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331, 231 Cal.Rptr. 355 (1986)); *see* FED. R. CIV. P. 9(b) (1999) ("In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.").

In the instant case, Fisher asserted only "general and conclusory" claims against Silverman; he did not specifically allege facts that would support any of the elements of deceit. This failure is "obvious according to the settled rules of the state." 811 F.2d at 1339; *see also* 44 Cal.App.4th at 1816, 52 Cal.Rptr.2d 650. The District Court did not err when it found that Silverman had been fraudulently joined and denied Fisher's motion for remand.[1]

## II. Denial of Motion for Jury Trial

█ Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." FED.

R. CIV. P. 39(b) (1999). "This discretion is 'narrow' and 'does not permit a court to grant relief when the failure to make a timely demand [for a jury] results from an oversight or inadvertence.'" *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir.1996) (quoting *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir.1984)). We review the denial of such a motion for abuse of discretion. *See id.* In light of our decision in *Kletzelman*, the District Court's decision not to grant Fisher a jury trial because his attorney was "unfamiliar with federal procedure" was not an abuse of discretion. *See id.*

AFFIRMED.

---

1. Because we find that the District Court correctly determined that Silverman was fraudulently joined, we do not address Fisher's claim that the District Court's alternative ground for denial, that Silverman was immune from liability as an agent of the insurance company, was erroneous.