Tatyana **LEVINA**, Plaintiff—Appellant,

v.

**SAN LUIS COASTAL UNIFIED SCHOOL DISTRICT,** Defendant—Appellee.

No. 06–55179.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed April 23, 2008.

Marcy J.K. Tiffany, Wyner & Tiffany, Torrance, CA, for Plaintiff–Appellant.

Howard A. Friedman, Peter A. Sansom, Lozano Smith, Vista, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and MOSMAN *, District Judge.

### MEMORANDUM **

Tatyana Levina appeals from the district court's grant of San Luis Coastal Unified School District's motion for summary judgment. The facts are known to the parties and need not be repeated here.

Levina argues that the California Special Education Hearing Office deprived her of the opportunity to seek reasonable attorney's fees by failing to dismiss the underlying administrative hearing with prejudice. We have held that the erroneous dismissal of an action without prejudice creates an injury-in-fact under Article III. *See Farmer v. McDaniel,* 98 F.3d 1548 (9th Cir.1996), *abrogated on other grounds by Slack v. McDaniel,* 529 U.S. 473, 120

S.Ct. 1595, 146 L.Ed.2d 542 (2000). However, this case is distinguishable; here, the parties have entered into a settlement agreement that eliminates any concern that the School District will relitigate its claims regarding the 2005 Individualized Education Plan for Levina's son.

The availability of an award of reasonable attorney's fees under 20 U.S.C. § 1415(i)(3)(B) does not create an injury-in-fact, both because such award is discretionary and hence speculative, and because it is likely that a district court would conclude that Levina's success on the merits was "purely technical." *Kletzelman v. Capistrano Unified School District,* 91 F.3d 68, 71 (9th Cir.1996).

DISMISSED.

---

* The Honorable Michael W. Mosman, United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.