**SHELLY C., b/n/f Mr. and Mrs. SHELBIE C., Plaintiff–Appellee,**

v.

**VENUS INDEPENDENT SCHOOL DISTRICT, et al, Defendants–Appellants.**

No. 89–1056

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 2, 1989.

Martha C. Wright, Wright & Assoc., Grand Prairie, Tex., for defendants-appellants.

Mark S. Partin, Advocacy, Inc., Austin, Tex., for plaintiff-appellee.

Before REAVLEY, JONES and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Shelly C. is a handicapped child enrolled in the Venus Independent School District ("Venus ISD"). Pursuant to the Handicapped Children's Protection Act (the "HCPA"), 20 U.S.C. §§ 1400–1485, her parents appealed her Individualized Education Program by filing a request for a due process hearing before a Special Education Hearing Officer against the Venus ISD and two other parties (the "appellants"). The parties settled their dispute before the due process hearing was held.

One week after the settlement, Shelly C. sued the appellants to recover attorneys' fees and costs pursuant to 20 U.S.C. § 1415(e)(4)(B) and moved for summary judgment on the merits. The district court granted Shelly C.'s summary judgment motion, awarding $30,533.62 in attorneys' fees. The appellants appeal from that ruling, and also contend that the district court erred in denying their motions to dismiss

pursuant to Fed.R.Civ.P. 12(b)(6) and for summary judgment.

## I.

The law on summary judgment is succinctly stated in *Williams v. Adams,* 836 F.2d 958 (5th Cir.1988):

> A court may only grant a motion for summary judgment when "there is no issue of material fact, and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party also has the burden of showing that these conditions have been satisfied. *Thomas v. Harris County,* 784 F.2d 648, 651 (5th Cir.1986) (per curiam) Furthermore, in reviewing a motion for summary judgment, on appeal we must view the evidence in the light most favorable to the party resisting the motion, as the district court must do in the first instance. *Simon v. United States,* 711 F.2d 740, 743 (5th Cir.1983).

*Id.* at 960.

We will affirm a grant of summary judgment "only when the moving party has established his rights to the judgment with such clarity that the non-moving party cannot recover ... under any discernible circumstances." *Clark v. Tarrant County,* 798 F.2d 736, 746 (5th Cir.1986) (citation omitted). In making this determination we must look to the full record, including the pleadings and affidavits. *See Trevino v. Celanese Corp.,* 701 F.2d 397, 406–07 (5th Cir.1983).

■ After a review of the record, we find that summary judgment was inappropriate. In opposition to Shelly C.'s summary judgment motion, the appellants submitted affidavits supporting their contention that the fee urged by the plaintiff is unreasonable in light of the prevailing fees in the community and that Shelly C.'s attorneys unnecessarily protracted the proceedings.

The appellants also argue that a genuine factual issue exists as to whether they made a reasonable settlement offer more than ten days prior to the due process hearing, thus precluding an attorneys' fee award pursuant to 20 U.S.C. § 1415(e)(4)(D). In support of this argument, they point to evidence in the record that they sent several letters to the plaintiff offering to settle.

The contradictory evidence presented by the appellants creates material issues of fact. Shelly C.'s argument that there is sufficient evidence of the reasonableness of the fee awarded by the district court highlights the inappropriateness of summary judgment. Sufficiency of the evidence is not the criteria. Evidentiary conflicts must be resolved at trial, not by summary judgment.

## II.

The appellants next contend that the trial court erred in denying their motions to dismiss and for summary judgment because as a matter of law attorneys' fees are not recoverable when a settlement is reached prior to the due process hearing, and the plaintiff is not a party who has prevailed on the merits within the meaning of the HCPA.

■ In 1986, Congress amended the Education of the Handicapped Act with the HCPA to allow parents to recover attorneys' fees in certain circumstances. Section 1415(e)(4)(B) of the HCPA provides:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.

In interpreting § 1415(e)(4)(B), we have previously held that fees may be awarded for work performed at the administrative level when a due process hearing is held. *Duane M. v. Orleans Parish School Bd.,* 861 F.2d 115 (5th Cir.1988) (separate suit for fees is authorized by the HCPA when they are incurred in successful pursuit of formal administrative proceedings).[1] This

---

**1.** Our holding in *Duane M.* also disposes of appellants' argument that *North Carolina Dept.* *of Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188

Court must now decide whether fees may be awarded when a settlement is reached prior to the holding of a due process hearing.

Section 1415(e)(4)(D) provides:

No award of attorneys' fees and related costs may be made in any action or proceeding under this subsection for services performed subsequent to the time of a written offer of settlement ... if—

(i) the offer is made ... in the case of an administrative proceeding, at any time more than ten days before the proceeding begins;

(ii) the offer is not accepted within ten days; and

(iii) the ... administrative officer finds that the relief finally obtained by the parent or guardian is not more favorable to the parents or guardian than the offer of settlement.

The implication of this language is that when a written offer is made and accepted more than ten days before a due process hearing is held, attorneys' fees for services up to that time are recoverable. *See Rossi v. Gosling*, 696 F.Supp. 1079, 1084 (E.D.Va. 1988), *Robert H. v. Fort Worth Independent School District*, 1987–88 EHLR DEC. 559:509 (N.D.Tex.1988). Thus, the HCPA envisions the award of fees when administrative proceedings do not reach the due process hearing stage.

This interpretation is consistent with the legislative history of the Act.[2] Congress intended prevailing parents to recover fees for "services performed in connection with [an] administrative proceeding." H.R.Rep. No. 296, 99th Cong., 1st Sess. 5 (1985). Services rendered in anticipation of a due process hearing fall within this authorization. *Rossi v. Gosling*, 696 F.Supp. at 1084.

Additionally, in enacting the HCPA, Congress looked to 42 U.S.C. § 1988, another fee shifting provision, for guidance. H.R.

Rep. at 5–6; H.R. Conf.Rep. No. 687, 99th Cong., 1st Sess. 6 (1985); *see also Abu-Sahyun v. Palo Alto Unified School Dist.* 843 F.2d 1250, 1252 (9th Cir.1988). Since fees are available under § 1988 when a suit is resolved by consent decree prior to trial, *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980), fees should likewise be available under the HCPA where the complainant obtains the desired relief short of a formal administrative proceeding. *Rossi*, 696 F.Supp. at 1084 n. 3.

Finally, the appellants contend allowing an award of fees when a settlement is reached prior to the due process hearing provides no incentive for the appellants to settle prior to that time. This argument is not persuasive. It is just as likely that denying fees would protract litigation and thereby increase a school system's liability for fees. As stated in *Rossi*, 696 F.Supp. 1079:

One can easily envision a situation in which the parents' attorney, knowing that fees are not recoverable for pre-hearing work performed in the absence of a hearing, would reject negotiations and attempt to gain the desired relief through formal proceedings. On the other hand, if fees are recoverable for pre-hearing work, the parents' attorney would have no incentive to resist settlement, and the school system would have an incentive to settle cases as early as possible to avoid further exposure.

*Id.* at 1084. We therefore hold that attorneys' fees are available under the HCPA for work done prior to the holding of an administrative hearing. In so holding, we in no way determine Shelly C.'s entitlement to attorneys' fees in this case. On remand, the district court may award fees in its discretion if it determines that Shelly C. has complied with the terms of 20 U.S.C. § 1415(e).[3]

---

(1986), precludes Shelly C.'s federal suit for attorneys' fees.

**2.** For further examination of the HPCA's legislative history see *Duane M. v. Orleans Parish School Bd.*, 861 F.2d 115, and *Eggers v. Bullitt*

*County School Dist.*, 854 F.2d 892, 894–98 (6th Cir.1988).

**3.** This includes a determination as to whether Shelly C. is a "prevailing party" under 20 U.S.C. § 1415(e)(4)(B).

For all the above reasons, we REVERSE and REMAND for further proceedings.