**BARLOW–GRESHAM UNION HIGH SCHOOL DISTRICT NO. 2,**
**Plaintiff–Appellant,**

v.

**Wesley MITCHELL, individually, and Bari Mitchell and Michael Mitchell, his parents, Defendants–Appellees.**

No. 90–35148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 2, 1990.

Decided Aug. 5, 1991.

Timothy R. Volpert, Davis, Wright, Tremaine, Portland, Or., for plaintiff-appellant.

Elam Lantz, Jr., Oregon Advocacy Center, Portland, Or., for defendants-appellees.

Before HUG, and D.W. NELSON, Circuit Judges, and WALKER,* District Judge.

HUG, Circuit Judge:

Barlow–Gresham Union High School ("Barlow–Gresham") appeals the district court's order requiring it to pay attorneys' fees to the parents of Wesley Mitchell, a handicapped student. The fee award, authorized by the Handicapped Children's Protection Act of 1986 ("HCPA"), 20 U.S.C. § 1415(e)(4)(B), followed the settlement of an action brought to determine whether Wesley should remain in the classroom setting or be tutored privately.

The action was brought by the school district against Wesley and his parents under the Education for All Handicapped Children Act ("EAHC"), 20 U.S.C. § 1400 *et seq.* The school district sought an injunction authorizing it to keep Wesley from attending school on the school grounds for the remainder of the 1988–89 academic year. Prior to a final ruling on the merits, the parties settled the case at the administrative level. Subsequently, in response to a petition by the Mitchells, the district court granted their request for attorneys' fees for $18,624. Barlow–Gresham appeals the award of attorneys' fees. We affirm.

## I.

### Facts and Procedural Background

During the 1988–1989 school year, Wesley Mitchell ("Wesley") was a 19–year–old student at Barlow–Gresham. He lived with his parents, Bari and Michael Mitchell. Wesley has severe epilepsy along with related behavior and learning problems. Accordingly, Wesley is eligible for special education under the handicapping condition of "other health impaired children" pursuant to 20 U.S.C. § 1401(a)(1). He was instructed in accordance with his own individualized education program ("IEP").

During January 1989, Wesley assaulted two students and an employee of the Multnomah County Education Services District.

On January 31, 1989, the day of the second assault, Wesley was suspended from school for five days as authorized by school district policy and state and federal law. Subsequently, the school district assembled a multi-disciplinary team to assess the situation. The multi-disciplinary team concluded that the behavior may be related to Wesley's handicapped condition. As such, the school district was precluded from automatically expelling Wesley as it would constitute a "change in placement" in violation of 20 U.S.C. § 1415(e)(3) (stay-put provision). However, the school district sought injunctive relief in order to change placement prior to exhausting administrative remedies pursuant to 20 U.S.C. § 1415(e)(2). In order to enjoin the student from attending school, there needs to be a showing that the student's current placement is substantially likely to result in injury to himself or others.

In reliance on this procedure, the school district filed an action in federal court on February 2, 1989. It sought an injunction removing Wesley from his regular classroom, the hallways and the common areas of the school. Initially, in its complaint, the school district sought a temporary restraining order, preliminary and permanent injunctive relief prohibiting the Mitchells from enrolling Wesley in the educational program for the balance of the school year and authorizing termination of services by the school district. The district court granted the temporary restraining order, thereby extending the five-day suspension to February 8, 1989. The court set that date to hear the school district's motion for a preliminary injunction.

Also on February 2, 1989, prior to filing the complaint, the school district provided the Mitchells with the statutorily required prior notice of change in placement (prior notice). 20 U.S.C. § 1415(b)(1)(E). The prior notice stated that Wesley's educational placement would be changed from his IEP at the high school to individual tutoring at the school district's Central Administrative

* Hon. Vaughn R. Walker, United States District Judge for the Northern District of California, sitting by designation.

Office. He was to be transported to and from the school by cab and the tutoring was not to exceed ten hours per week. The following day, the Mitchells objected to the school district's proposed change in placement and requested a due process hearing authorized by 20 U.S.C. § 1415(b)(2).

At the February 8, 1989 preliminary injunction hearing, the school district amended its complaint. Rather than requesting a termination of educational services, the district stated that it sought to continue instruction but not on campus during the interim period—the period prior to the administrative due process hearing. Rather, it sought instruction for Wesley at the district's Central Administrative Offices as indicated in the prior notice.

After an extensive evidentiary hearing, the district judge found that Wesley did present a substantial likelihood of danger to himself or others. However, in light of the parties' stipulation to the order giving the school district temporary authorization to provide Wesley with ten hours per week of one-on-one instruction at the school district Central Administrative Offices, the district judge issued a stipulated Temporary Restraining Order ("TRO"). The stipulated TRO prohibited Wesley from returning to his current placement and ordered the school district to provide placement at the Central Administrative Offices pending the outcome of the administrative hearing. Further, the Mitchells were ordered to appear on February 21, 1989 to report on the progress of negotiations regarding compromise of the underlying complaint, the status of the administrative hearing process and to show cause why preliminary and permanent injunctive relief should not be granted against them.

At the February 21, 1989 hearing, the parties indicated to the court that the administrative proceeding to review Wesley's placement had been initiated. Also, the parties agreed to continue his current placement while the administrative process was pending. Accordingly, the district

judge denied the motion for the preliminary injunction and dissolved the existing stipulated TRO. Instead, the judge issued a stipulated order which indicated that the parties had agreed that Wesley would continue in his current placement at the Central Administrative Offices.

On February 23, 1989, the Mitchells filed an answer and counterclaim for declaratory and injunctive relief and attorneys' fees. The Mitchells sought to have Wesley returned to Barlow–Gresham.

Nearly three months later, the administrative hearing convened. After opening arguments were heard, the hearing officer granted the school district's request for a continuance, first to May 22, 1989, and then again to June 30, 1989. Prior to the June 30 hearing date, the parties reached an agreement. Pursuant to an IEP recommendation made by the school district's multi-disciplinary team, the parties agreed to Wesley's placement in a newly created program at the high school with two other students.

The administrative hearing officer issued a Stipulated Order of Dismissal of the Due Process Hearing on June 28, 1989. The order of dismissal reflected the parties' agreement that the school district implement a special education program for Wesley in accordance with the IEP.[1] On July 27, 1989, the district court entered an order of dismissal as well. It was a stipulated order dismissing the action without prejudice, based on the settlement reached. The settlement agreement as well as the respective orders of dismissal were silent as to attorneys' fees.

Subsequently, the Mitchells filed an application for attorneys' fee in the amount of $18,624. Finding the Mitchells to be the prevailing party within the meaning of 20 U.S.C. § 1415(e)(4) and the fees to be reasonable, the district judge granted the petition in full. The school district filed a timely appeal from that order.

---

1. It is important to note that the portion of the stipulated order that read "[i]t appearing that the above captioned case has been fully compro-

mised and settled" was crossed out and initialed by the parties.

## II.

### Availability of Attorneys' Fees

■ Initially, the school district argues that attorneys' fees are not available under 20 U.S.C. § 1415(e)(4)(B) in the event the case settles prior to a due process hearing. This court will review *de novo* the district court's statutory interpretation of that provision. *See Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir.1985) (award of attorneys' fees under 42 U.S.C. § 1988). Legislative history reveals Congress' intent that the Handicapped Children's Protection Act (HCPA), 20 U.S.C. § 1415(e)(4)(B), be interpreted consistent with the fee provisions under 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *Aby-Sahyun v. Palo Alto Unified School Dist.,* 843 F.2d 1250, 1252 (9th Cir.1988) (citing S.Rep. No. 99–112, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 1798, 1803–05).

In 1986, Congress amended the Education of the Handicapped Act with the HCPA in order to provide attorneys' fees for parents in certain circumstances. *See* Pub.L. No. 99–372, 100 Stat. 796 (codified at 20 U.S.C. § 1415(e)(4)(B) (1982 & Supp. 1988)). Section 1415(e)(4)(B) provides: "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party."

The clear language of section 1415(e)(4)(B) contemplates an award of attorneys' fees at the administrative level. The provision specifically refers to "any action or proceeding brought." Further, this circuit has held that parents who prevail at the administrative hearing are entitled to attorneys' fees under the HCPA. *See McSomebodies (No. 1) v. Burlingame Elementary School Dist.,* 897 F.2d 974, 975 (9th Cir.1989); *accord Moore v. Dis-*

*trict of Columbia,* 907 F.2d 165 (D.C.Cir.) (en banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990); *Mitten v. Muscogee County School Dist.,* 877 F.2d 932 (11th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1117, 107 L.Ed.2d 1024 (1990); *Duane M. v. Orleans Parish School Bd.,* 861 F.2d 115 (5th Cir.1988); *Eggers v. Bullitt County School Dist.,* 854 F.2d 892, 898 (6th Cir.1988).

■ This circuit has not yet confronted the exact question presented in this case concerning whether section 1415(e)(4)(B) provides for attorneys' fees to be awarded when settlement is reached prior to the due process hearing.[2] Thus far, the only circuit to deal directly with this issue is the Fifth Circuit in *Shelly C. v. Venus Indep. School Dist.,* 878 F.2d 862 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 729, 107 L.Ed.2d 748 (1990). There, the court upheld the award of attorneys' fees following settlement of a suit over an individualized education program.

Here, the school district cites *Dodds v. Simpson,* 1987–88 EHLR Dec. 559:320, 1987 WL 49461 (D.Or.) (No. 84–6415–PA) ("*Dodds II*"), as being dispositive of this issue. In *Dodds II,* there was a dispute between the school district and the parents of a handicapped child with respect to whether the child was eligible for special education. *Id.* at 321. The parties settled the dispute prior to an administrative hearing. The settlement stipulated that the student had learning disabilities and would receive special education. *Id.* Thereafter, the Dodds filed a lawsuit seeking damages for violations of the child's civil rights and attorneys' fees. A jury found for the defendant school district. Notwithstanding the jury verdict in favor of the school district, the plaintiffs moved for attorneys' fees. *Id.* at 322.

The district court in *Dodds II* assumed, without deciding, that it had discretion to award fees to a party who obtained the

---

2. The Supreme Court has resolved this issue with respect to 42 U.S.C. § 1988. In *Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980), the Court held that although respondent prevailed through settlement, rather than through litigation, that fact will not preclude her from claiming attorneys' fees as the "prevailing party" within the meaning of section 1988. However, *Maher* applied to an action that was settled while it was pending in court.

relief sought through settlement prior to an administrative hearing. *Id.* However, based on the circumstances of that case, the court declined to award such fees and costs, finding that under the circumstances it would create a disincentive for such pre-hearing settlements. *Id.*

The district court in this case[3] distinguished *Dodds II* on the basis of its specific facts. It determined that although the case settled prior to an administrative hearing, that fact would not prohibit attorneys' fees. *Barlow–Gresham Union High School Dist. No. 2 v. Mitchell,* CV 89–122–PA, op. 6–7 (D.Or. Dec. 18, 1989).

We agree with the district court and conclude that section 1415(e)(4)(B) allows the prevailing parents to recover attorneys' fees when settlement is reached prior to the due process hearing. The parents must, however, establish that they are the prevailing parties.

### III.

#### *Prevailing Party Determination*

■ The school district contends that the district court erred when it compared the prior notice issued by the school district to the stipulated order issued by the administrative hearing officer to determine that the Mitchells were the prevailing party. Rather, the school district contends instead that the court should compare relative positions of the parties in the negotiations hearing as compared to their settlement positions. The district court compared the "notice" given by the school district, pursuant to 20 U.S.C. § 1415(b)(1)(C), to the stipulated order. The stipulated order provided that (1) the parents' request for a due process hearing would be dismissed; and (2) the school district would implement a special education program for Wesley in a classroom, on the school grounds, with two other students. The district court stated:

> When this action was filed, Barlow/Gresham insisted that Wesley be completely excluded from school grounds in a one-on-one academic program. When this action settled, Wesley's placement was in a

special room with other students and several adults, on school grounds. *Barlow–Gresham Union High School Dist. v. Mitchells,* CV 89–122–PA, op. at 9–10 (D.Or. Dec. 18, 1989).

The determination by the district court that the Mitchells were the prevailing party for the purpose of awarding attorneys' fees is a factual determination that will not be set aside absent clear error. *Sablan v. Department of Fin. of N. Mariana Islands,* 856 F.2d 1317, 1324 (9th Cir.1988) (under 42 U.S.C. § 1988). We conclude there was no clear error.

### IV.

#### *Special Circumstances*

Finally, the school district argues that the district court erred when it determined that there were no special circumstances sufficient to justify the denial of attorneys' fees. The school district maintains that an award of attorneys' fees to the Mitchells would effectively penalize it "for its exemplary behavior in response to the life threatening emergency posed by Wesley's violent behavior." In addition, the school district contends that an award in this case would create a disincentive to settlement. Accordingly, the school district asserts that the "special circumstances" of this case render the award unjust and therefore the award must be set aside.

■ Ordinarily, a prevailing party should recover attorneys' fees unless "special circumstances would render such an award unjust." *See Abu–Sahyun v. Palo Alto Unified School District,* 843 F.2d 1250, 1252 (9th Cir.1988); *Planned Parenthood v. State of Arizona,* 789 F.2d 1348, 1354 (9th Cir.1986). To determine whether or not special circumstances exist, the court must consider two factors: (1) whether awarding fees would further the congressional purpose in enacting the EHA, and (2) the balance of the equities. *See Abu–Sahyun,* 843 F.2d at 1253.

---

**3.** We note that Judge Panner was the presiding judge in both *Dodds II* and the instant case.

The congressional purpose for enacting the EHA can be found at 20 U.S.C. § 1400(c). It provides that:

the purpose of [the EHA is] to assure that all handicapped children have available to them ... a free appropriate education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of handicapped children and their parents or guardians are protected, to assist States and localities to provide for the education of all handicapped children, and to assess and assure the effectiveness of efforts to educate handicapped children.

20 U.S.C. § 1400(c) (1988).

This Act was amended in 1986 to provide attorneys' fees for prevailing parents. *See* Pub.L. No. 99–372, § 2, 100 Stat. 796 (1986) (codified at 20 U.S.C. § 1415(e)(4)(B)). The amendment was intended to overrule legislatively *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), and was to be made retroactive to the day before the court announced its decision in that case. *See Abu–Sahyun*, 843 F.2d at 1252. In *Smith*, the Court held that attorneys' fees were not available in suits brought to enforce those rights because the statute contained no provisions for fees. *Id.*

Clearly, the congressional intent with regard to the EHA and the HCPA was to provide parents of handicapped children a substantive right that could be enforced through the procedural mechanisms in the Act, including a right to attorneys' fees if the parents prevail. Therefore, the school district argues only the second prong of the special circumstances test: the balance of the equities.

■ In *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1250 (9th Cir.1981), we reiterated our position that good faith by itself is not a special circumstance justifying a denial of attorneys' fees. We stated that "attorney fees awards are not designed to penalize defendants, but are rather to encourage injured individuals to seek judicial relief." *Id.* at 1251. The school district properly utilized the mechanisms available

to it to diffuse a very difficult situation. However, in so doing, it attempted to effect a permanent unilateral change in Wesley's placement. Both the prior notice and the complaint clearly indicated this intent. We recognize that the complaint was subsequently amended by the school district to indicate that the individualized tutoring was to be only an interim placement. Nonetheless, it initially sought to terminate all services by the school district. Further, the prior notice indicated an intent to change permanently Wesley's placement and it was never amended. Under the circumstances of this case, we cannot say that the district court abused its discretion when it found no special circumstances sufficient to justify the denial of attorneys' fees.

## V.

### *Attorneys' Fees on Appeal*

■ Although the school district did not address this issue, the Mitchells' request their reasonable attorneys' fees for this appeal pursuant to 20 U.S.C. § 1415(e)(4)(B).

■ In this circuit, section 1988 fees are ordinarily available to compensate attorneys for successful litigation of their fee applications, including work on appeal. *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990). We conclude that the Mitchells are entitled to recover their reasonable attorneys' fees on this appeal.

AFFIRMED.