Edward MASOTTI and Sandra
Masotti, Plaintiffs,

v.

TUSTIN UNIFIED SCHOOL DISTRICT,
Board of Education of Tustin Unified
School District, Defendants.

No. SACV 92–205–GLT.

United States District Court,
C.D. California.

Nov. 9, 1992.

---

2. Moyers does not seek injunctive relief, presumably because he is no longer incarcerated at

MECC.

Joan K. Honeycutt, Tustin, Cal., for plaintiffs.

Parker, Covert & Chidester, Tustin, Cal., Spencer E. Covert, for defendants.

ORDER AWARDING ATTORNEY'S FEES AND COSTS ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

TAYLOR, District Judge.

These cross-motions for summary judgment concern the award of attorney's fees and costs under the Individuals with Disabilities Education Act. The novel issue presented is whether fees are recoverable after a mediated dispute resolution of a child's "Individualized Education Program," without the need of a requested administrative hearing. The court holds fees and costs are properly awarded for services performed before an administrative hearing, as well as for this enforcement action.

## I. BACKGROUND

Plaintiffs are the parents of Frank Masotti, a student with disabilities. Plaintiffs' complaint for attorney's fees and costs under 20 U.S.C. § 1415(e)(4) against Tustin Unified School District alleges that, beginning in September 1991, the district failed to implement Frank's Individualized Education Program ("IEP").

Plaintiffs requested an administrative hearing from State Superintendent Honig "to determine if the program placement proposed by Tustin Unified School District addresses Francis' unique needs, and ... determine if a short-term placement for the specific purpose of diagnostic evaluation and development of an appropriate program is necessary for Francis to receive and benefit from special education." The authority for requesting an administrative proceeding was the "Individuals with Disabilities Education Act" ("IDEA"), 20 U.S.C. sections 1400 *et seq.*, and Cal.Educ.Code sections 56500 *et seq.*

Pursuant to Cal.Educ.Code § 56502(c), the parties held a mediation conference and entered into an interim agreement. As a consequence of the interim agreement, Frank was placed at Neurocare, a private residential facility, for a maximum of 30 days. Plaintiffs rejected an alternative placement at New Medico. The parties agreed to continue the administrative hearing until just before the end of the 30–day period.

After a few weeks of placement, Frank's counselors at Neurocare recommended that he continue treatment. The District disagreed with this recommendation, and it appeared that the administrative proceeding was inevitable. However, the administrative proceeding was continued again, and Frank remained at Neurocare under the "stay put" provision of the IDEA. 20 U.S.C. § 1415(e)(3). Before the continued administrative hearing date, the District scheduled an IEP meeting, and agreed to continue funding at Neurocare. As a result of this settlement, plaintiffs dismissed the pending administrative proceeding.

Thereupon, plaintiffs requested payment of attorney's fees by the defendant District. Defendants offered to pay $3,200 in fees. The offer was rejected.

Both parties agree that the fees dispute can be resolved through the pending cross-motions for summary judgment. Plaintiffs seek attorney's fees and expenses for resolution of this matter, together with fees and expenses for this enforcement lawsuit. Defendants contend fees are not appropriate in this case, but assert that, if the court determines fees are appropriate, they should be less than the amount claimed by plaintiffs.

## II. DISCUSSION

The court concludes attorney's fees are recoverable in this case under the federal statutory structure after a mediated resolution even though the matter never proceeded to a requested administrative hearing.

1. *Resolution by Mediation under California Education Code § 56507 Does Not Preclude Recovery of Attorney's fees Under the IDEA.*

Under the Individuals with Disabilities Education Act (IDEA), Congress established a set of procedures "to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs [and] to assure that the rights of children with disabilities and their parents or guardians are protected ..." 20 U.S.C. § 1400(c). To comply with the IDEA, each state must establish, among other requirements, procedural safeguards that comply with § 1415. 20 U.S.C. § 1412(5)(A) and § 1415(a). These safeguards include (1) the right of parents to obtain an impartial due process hearing if they object to the development or implementation of their child's Individualized Education Plan (IEP), (2) the right to appeal the decision to the state educational agency, and (3) the right to bring a civil action. 20 U.S.C. § 1415; *White v. State of California,* 195 Cal.App.3d 452, 460, 240 Cal. Rptr. 732 (1987).

A Comment to the federal regulations on the IDEA permits states to use mediation as an intervening step before a formal due process hearing, but mediation cannot "be used to deny or delay a parent's rights" 34 C.R.F. § 300.506.

"California maintains a policy of complying with IDEA requirements." *Hacienda La Puente Unified School District Los Angeles v. Honig,* 976 F.2d 487, 491 (9th Cir.1992). In 1980 California elected to participate in the IDEA and adopted the procedural safeguards of the Education for All Handicapped Children Act of 1975.[1] Cal.Educ.Code § 56500 *et seq.; White,* 195 Cal.App.3d at 461, 240 Cal.Rptr. 732. California provides due process rights including a mediation conference (sections 56502 and 56503), the right to examine all records (section 56504) and the right to a fair and impartial administrative hearing which acknowledges "the right to appeal the decision to a court of competent jurisdiction" (section 56505). Mediation conferences must produce a resolution that does not conflict with state or federal law. Cal. Educ.Code § 56503(d). Either party can waive mediation and the use of mediation cannot extend the 45-day maximum for completion of the due process hearing (except for continuances for good cause). Cal. Educ.Code § 56503(b). If the mediation conference does not resolve all issues, then the dissatisfied party can seek a state level hearing under section 56505.

---

1. This Act was later renamed as the Individual with Disabilities Education Act, or IDEA. The California statute provides, "All procedural safeguards of Public Law 94–142, the Education for All Handicapped Children Act of 1975 [footnote to 20 U.S.C.A. § 1400 *et seq.*] shall be established and maintained by each noneducational and educational agency that provides education, related services, or both, to children who are individuals with exceptional needs." *Cal.Educ. Code* § 56500.1. The next section states that "An expeditious and effective process shall be implemented for the resolution of complaints regarding any alleged violations of the provisions of the Educational for All Handicapped Children Act of 1975." *Cal.Educ.Code* § 56500.2.

Since the intent of the mediation conference was to create a nonadversarial resolution, California provides that attorney's fees could be allocated to the parents only if attorneys were first introduced into the mediation by the public education agency. Cal.Educ.Code § 56507. However, after California enacted the legislation to comply with the IDEA, Congress amended section 1415 of the IDEA to provide for attorney's fees:

> In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party.

20 U.S.C. § 1415(e)(4)(B). This modification was to assure that the parents' right to an impartial review allowed for attorney's fees. *Abu–Sahyun v. Palo Alto Unified School Dist.*, 843 F.2d 1250, 1253 (9th Cir.1988). The California courts have held that any state law that is inconsistent with the federally mandated provisions of IDEA is superseded by the federal law. *San Francisco Unified School District v. State of California*, 131 Cal.App.3d 54, 65, 182 Cal.Rptr. 525 (1982); *Hacienda*, 976 F.2d at 492–93. Therefore, this court concludes section 56507 would not block an award of attorney's fees under the federal statute.

## 2. Fees Are Recoverable For Services Before An Administrative Hearing.

Parents may recover attorney's fees and other costs when a *settlement* is reached prior to the due process hearing, and the parent is the prevailing party. *Barlow–Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 1280 (9th Cir.1991); *See also Shelley C. v. Venus Independent School District*, 878 F.2d 862 (5th Cir. 1989), *cert. denied*, 493 U.S. 1024, 110 S.Ct. 729, 107 L.Ed.2d 748, *reh'g denied*, 494 U.S. 1013, 110 S.Ct. 1312, 108 L.Ed.2d 488 (1990) (Parents entitled to recover attorney's fees for work done prior to a due process hearing, where settlement is reached before the hearing); *Rossi v. Gosling*, 696 F.Supp. 1079 (E.D.Va.1988) (Attorney's fees appropriate when settlement

is reached through a series of IEP "review meetings" and other meetings of counsel, and request for due process hearing is withdrawn). In *Barlow*, the school district had sought an injunction stating that the school did not have to serve the child, but before a ruling on the merits the parents settled the proceeding at the administrative level. *Barlow*, 940 F.2d at 1282. In granting attorney's fees, the court stated, "Clearly, the congressional intent with regard to the [IDEA] was to provide parents of handicapped children a substantive right that could be enforced through the procedural mechanisms in the Act, including a right to attorney's fees if the parents prevail." *Id.* at 1286.

This authority shows that the language of the law and the intent of Congress are broad enough to permit an award of fees for services performed before an administrative hearing, either through a settlement process or a mediation process.

Defendants argue that *Barlow* is not applicable to the instant case because in *Barlow* settlement occurred after judicial proceedings had already begun. However, *Barlow* was not decided on that ground. The court simply held "that section 1415(e)(4)(B) allows the prevailing parents to recover attorney's fees when settlement is reached prior to the due process hearing." Id. at 1285.

Two cases underscore the importance the Ninth Circuit places on the attorney fees provision in section 1415. *McSomebodies et al. (No. 1) v. Burlingame Elementary School Dist.*, 886 F.2d 1558–1559 (9th Cir. 1989), supplemented at 897 F.2d 974 (9th Cir.1989); *McSomebodies et al. (No. 2) v. San Mateo City School Dist.*, 886 F.2d 1559–1560 (9th Cir.1989), supplemented at 897 F.2d 975 (9th Cir.1989). Although administrative hearings were completed in these cases, the opinions support the granting of attorney's fees here. The court stated, "At the time of the district court decisions, [ ... ] there was much to be said for the court's rulings [to deny attorney's fees], but subsequent cases have overtaken us. The overwhelming majority of cases now support fees from bottom to top. We

decline to follow any of the minority." *McSomebodies et al. (No. 2)*, 886 F.2d at 1560. The court adopted the analysis of Judge Edwards' dissenting opinion in *Moore v. District of Columbia*, 886 F.2d 335 (D.C.Cir.1989), *reh'g granted and vacated, en banc*, 285 U.S.App.D.C. 95, 907 F.2d 165 (1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 556, 112 L.Ed.2d 563 (1990),[2] which documented the overwhelming support for attorney's fees in statutory language, legislative history and decisions in the majority of circuits.

The Ninth Circuit has adopted the mandate outlined in *Barlow*, and this court must follow the precept that parents are entitled to recover attorney's fees for work done before a hearing. Parents who prevail should ordinarily recover attorney's fees unless special circumstances would render such an award unjust. *Abu–Sahyun*, 843 F.2d at 1253.

3. *Other matters.*

The remainder of the court's opinion dealing with plaintiffs as prevailing parties, various separate defenses, and the reasonableness of fees and costs, is deemed by the court to be inappropriate for publication, and is provided to the parties by a supplemental unpublished order.

### III. DISPOSITION

The court will grant summary judgment in favor of plaintiffs and against defendants, and will award attorney's fees and costs to plaintiff for the resolution of this matter by way of the mediation process and for this enforcement proceeding.

**2.** The final decision awarded attorney's fees for an administrative hearing. *Moore*, 907 F.2d at