8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles MILADIN, Plaintiff-Appellee,
v.
CITY OF WESTMINSTER, et al., Defendants,
and
Dwight E. Moore, Defendant-Appellant.
 No. 92-55105.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1993.
Decided Sept. 30, 1993.
 
 Before: GIBSON,* HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Dwight E. Moore appeals the district court's award of attorney's fees under 42 U.S.C. § 1988, claiming the district court failed to properly consider: (1) whether appellee Miladin qualified as a "prevailing party;" and (2) the limited nature of the results obtained by Miladin. We remand to allow the district court to reconsider the award in light of a Supreme Court decision which came down while the appeal was pending as well as prior authority.
 
 
 3
 I. Facts.
 
 
 4
 Miladin brought a civil rights action under 42 U.S.C. § 1983 against the City of Westminster (City), the police chief, and two police officers, Moore and Holford, claiming that the officers arrested him without probable cause. He sought injunctive and declaratory relief, compensatory damages, and punitive damages in the amount of $250,000. The police chief was never served, and the jury trial proceeded against the City, Moore, and Holford. The jury found the City and Moore liable, assessing them $30,000 and $1,146 respectively, but found no liability on the part of Holford. No punitive damages were awarded. The City was subsequently dismissed and relieved from liability.
 
 
 5
 Miladin moved for attorney's fees pursuant to 42 U.S.C. § 1988. The district court ordered "defendants" to pay $41,912.75, the full amount requested by Miladin. Moore appealed, and this court remanded the case so that the district court could issue a new fee order directed against Moore alone for the reasonable attorney's fees attributable to Miladin's claim against Moore. The district court ordered Moore to pay the full $41,912.75, and Moore appeals.
 
 
 6
 II. Standard of Review.
 
 
 7
 Awards made under 42 U.S.C. § 1988 are generally reviewed for abuse of discretion. Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992). Any elements of legal analysis and statutory interpretation that figure into the district court's decision are reviewed de novo. Id. The district court's determination of prevailing party status is a factual determination reviewed for clear error. Barlow-Gresham Union High School District v. Mitchell, 940 F.2d 1280, 1285 (9th Cir.1991).
 
 
 8
 III. Prevailing Party.
 
 
 9
 Moore argues that the district court erred in finding Miladin was a prevailing party under section 1988, claiming that he achieved only "minimal success" on the merits of his claim.[1] This issue is governed by the Supreme Court's recent decision in Farrar v. Hobby, 113 S.Ct. 566 (1992). There, the Court reiterated that:
 
 
 10
 a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.
 
 
 11
 Id. at 573. The Court went on to say that "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit," and that "the prevailing party inquiry does not turn on the magnitude of the relief obtained." Id. at 573-74 (emphasis added). Here it is not disputed that Miladin obtained a money judgment against Moore. The district court correctly found that Miladin was a prevailing party under section 1988.
 
 
 12
 IV. Failure to Consider Results Obtained.
 
 
 13
 Moore argues that the district court abused its discretion by failing to consider the limited results obtained by Miladin in making its fee award. In Farrar, the Court stated that:
 
 
 14
 Although the "technical" nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988. Once civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under Hensley v. Eckerhart, 461 U.S. 424 (1983).... Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." Hensley, supra, 461 U.S., at 436.
 
 
 15
 Farrar, 113 S.Ct. at 574. In Hensley, the Court remanded because the district court did not properly consider the relationship between the extent of success and the amount of the fee award. 461 U.S. at 438, 440.
 
 
 16
 We have described the analytic framework prescribed in Hensley as follows:
 
 
 17
 The district court first asks if the plaintiff did not prevail on claims that were unrelated to those on which he succeeded and excludes any fees associated with those unsuccessful claims. Second, the court makes further reductions when plaintiffs' success on any remaining interrelated unsuccessful and successful claims was limited.
 
 
 18
 Gates v. Deukmejian, 987 F.2d 1392, 1404 (9th Cir.1992). Full compensation may be appropriate if the plaintiff obtained "excellent results," but may be excessive if the plaintiff obtained only "partial or limited success." Corder v. Gates, 947 F.2d 374, 379 (9th Cir.1991) (quotations omitted).
 
 
 19
 Unfortunately, the district court did not have the benefit of the Supreme Court's decision in Farrar when it decided this case. The district court's two orders awarding attorney's fees indicate that the court did not consider the limited nature of Miladin's success in making its fee award.[2] Instead, the court analyzed the reasonableness of the amount claimed in terms of the scope of the overall litigation. Although the district court excluded all work done in furtherance of claims and litigation activities unrelated to defendant Moore, it did not proceed to the second step of the Hensley analysis to determine whether Miladin's limited success on the interrelated unsuccessful and successful claims warranted further reduction. See Hensley, 461 U.S. at 434; Gates, 987 F.2d at 1404. We remand to allow the district court to consider whether the hours expended by Miladin's counsel were reasonable in light of the success obtained.
 
 
 20
 AFFIRMED in part, REVERSED in part, and REMANDED.[3]
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Miladin argues that Moore's appeal should be dismissed because he failed to provide us with a transcript, see Fed.R.App.P. 10(b)(2), and, in the alternative, that Moore waived his ability to challenge the district court's prevailing party finding because he did not raise this claim in his appeal from the district court's first order awarding attorney's fees. We exercise our discretion to review Moore's claims on the merits. See Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991)
 
 
 [2]
 The district court's initial order awarding attorney's fees provides:
 g. Amount of time involved and results obtained
 There were several pretrial motions filed in this case and a jury trial. Plaintiff has indicated the number of hours worked in his computerized statement, and the Court finds the hours to be reasonable.
 The court's order following remand states:
 
 
 [2]
 The Court previously found both plaintiff's hourly rate of $175.00 and total fee request of $41,912.75 to be reasonable
 
 
 [3]
 The only litigation activity specifically related to plaintiff's pursuit of his unsuccessful claims against defendants other than defendant Dwight E. Moore was plaintiff's six-page memorandum regarding the municipal defendant's section 1983 liability, filed June 8, 1989. However, plaintiff did not seek fees for this post-trial activity and the Court did not award them
 
 
 [4]
 As for the litigation activity covered by plaintiff's fee request, the efforts expended by plaintiff's counsel were increased only negligibly by the assertion and prosecution of plaintiff's unsuccessful claims. No fees were sought by plaintiff's counsel, and none were awarded by the Court, for motions practice or legal research in connection with plaintiff's unsuccessful claims. At trial, very little testimony was elicited an only a few jury instructions were settled that involved plaintiff's unsuccessful claims
 
 
 [5]
 Plaintiff's successful claim against defendant Moore and his unsuccessful claims against the other defendants involve a common core of facts and are based on related legal theories. No reduction in the fee award is necessary to account for litigation activity spent pursuing plaintiff's unsuccessful claims
 
 
 [3]
 No costs shall be awarded to either side, because each prevailed in part. Miladin prevailed on the issue of whether he was the prevailing party below, so is entitled to attorney's fees in an amount to be set by the district court, subject to the limitations in Farrar