50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara HARRIS, Plaintiff-Appellant,
v.
NENANA CITY PUBLIC SCHOOLS, Defendant-Appellee.
 No. 93-35348.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Memorandum Filed Sept. 7, 1994.
Memorandum Withdrawn and Refiled Jan. 23, 1995.
 
 IN PART AND REVERSED AND REMANDED IN PART.
 Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.
 
 ORDER
 
 1
 The petition for rehearing is granted. The memorandum disposition dated September 7, 1994, is withdrawn and the attached memorandum is filed in its place.
 
 
 2
 MEMORANDUM**
 
 
 3
 Barbara Harris appeals the district court's partial award of attorney fees in the amount of $1,050 related to her state administrative proceedings against the Nenana City Public Schools district ("District"). She claims that as the prevailing party under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. Sec. 1400 et seq. (1990), she is entitled to all of the fees incurred in the state administrative proceedings, and in the attorney fees action in the district court. We affirm the partial award of fees related to the state administrative proceedings. We reverse the district court's decision that Harris is not the "prevailing party" in the attorney fees action in the district court, and remand for a determination of the amount of fees to be awarded to Harris for the district court action and for this appeal, unless the district court finds that special circumstances justify the denial of fees.
 
 
 4
 I. The proper procedure for deciding the fee award
 
 
 5
 The IDEA provides that a decision made by the state educational agency may be appealed to the district court. 20 U.S.C. Sec. 1415(e)(2). The statute further provides in Sec. 1415(e)(4)(B) that "In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party."
 
 
 6
 Harris argues that the district court erred in not proceeding to trial in her suit for fees after it denied the parties' motions for summary judgment. She claims that by subsequently deciding her fee award entirely on the record before it, the district court treated her claim for attorney fees as an adjunct proceeding. Harris argues that this is in error, because a district court action for attorney fees under the IDEA is an independent proceeding which includes the right to a trial.
 
 
 7
 A claim for attorney fees under 20 U.S.C. Sec. 1415(e)(4)(B) can be brought in district court even if the parent or guardian does not file an appeal of the administrative decision in the district court. See Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1284 (9th Cir.1991) (attorney fees action under Sec. 1415(e)(4)(B) allowed when case settled before administrative hearing). It does not follow, however, that the district court must always conduct a full trial on the merits of the attorney fee claim.
 
 
 8
 Judicial review of state administrative proceedings under the IDEA is less deferential than the review of other agency actions. Ojai Unified Sch. Dist. v. Jackson, 4 F.3d 1467, 1471 (9th Cir.1993), cert. denied, 115 S.Ct. 90 (1994). The statute provides "the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. Sec. 1415(e)(2). When the court has before it all the evidence regarding the disputed issues, it may make a final judgment in what "is not a true summary judgment procedure [but] a bench trial based on a stipulated record." Jackson, 4 F.3d at 1472. See Hunger v. Leininger, 15 F.3d 664, 669 (7th Cir.) (approving a similar procedure for judicial review under the IDEA), cert. denied, 115 S.Ct. 123 (1994). Under the IDEA procedures, "[t]he motion for summary judgment is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." Id. See Jackson, 4 F.3d at 1472 n. 4 (declining to hold that summary judgment is inappropriate under the IDEA).
 
 
 9
 We see no reason why this procedure is not equally appropriate in a claim for attorney fees unaccompanied by a substantive appeal. Approving the procedure used by the district court in this case does not mean that under the IDEA the parties automatically waive their right to trial by filing summary judgment motions. See Hunger, 15 F.3d at 669. If the parties request leave to submit additional evidence, as the statute says they may, they preserve their right to trial even if the district court denies one or both of the motions. Id. If they "concede that the district court had before it all of their evidence regarding the issues in dispute," Jackson, 4 F.3d at 1472, or give "no hint that if the motion failed, the [party] would want to introduce additional evidence," Hunger, 15 F.3d at 669, then the district court is entitled to decide the issue on the established record. Id.; Jackson, 4 F.3d at 1472.
 
 
 10
 That is essentially what the district court did here. The court denied the motions for summary judgment. Neither party indicated it wanted to introduce more evidence. In fact, in their joint certificate of readiness for trial, the parties agreed that "[n]either party feels that a trial is necessary or appropriate." Although Harris stated in a later amendment to the certificate that additional evidence might be required on whether a settlement offer was made, the district court declined to decide the issue. The parties consistently stated thereafter that there was no need for trial. It was not until after the judgment that Harris stated in her motion for reconsideration that she believed she was entitled to a trial.
 
 
 11
 In an ordinary civil case, a plaintiff need not "request" an opportunity to introduce evidence.... [T]here is no presumption that by failing to request a trial if his motion for summary judgment fails the moving party has waived his right to a trial. It is different in judicial-review proceedings, even under the [IDEA]. Decision on the record compiled before the administrative agency is the norm in judicial review of administrative action, so a party that wants the judge to take evidence rather than decide the case on the record compiled before the hearing officers had better tell him.
 
 
 12
 Hunger, 15 F.3d at 670.
 
 
 13
 We find that the district court did not err in deciding the attorney fees issue on the record before it.
 
 
 14
 II. The district court did not abuse its discretion in determining the amount of fees
 
 
 15
 Harris also argues that because she prevailed on the "core issue" in the administrative proceedings, the failure to implement her son's Individualized Education Program ("IEP"), she should be awarded all her attorney fees throughout the administrative hearing.
 
 
 16
 This court reviews an award of attorney fees under the IDEA under the same standards applied to evaluate awards pursuant to 42 U.S.C. Sec. 1988, the statute providing for fee awards in civil rights cases. Mitchell, 940 F.2d at 1284. Under Hensley v. Eckerhart, 461 U.S. 424 (1983), once a party is identified as prevailing, the district court determines a "lodestar" or reasonable attorney fee by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Id. at 433.
 
 
 17
 The lodestar amount is subject to reduction. When a prevailing party succeeds on only some of its claims for relief, the court must address whether the failed claims were related to the successful claims, and, if not, award no fees for the hours spent on unrelated claims. Id. at 435. If the plaintiff's overall success is limited, a district court may reduce the award even if the claims are interrelated. Id. at 435-36. "The court necessarily has discretion in making this equitable judgment," but must provide a "concise but clear explanation of its reasons for the fee award." Id. at 437.
 
 
 18
 In its explanation of the fee award, the district court stated that "most but not all of the hours billed covered severable matters for which Harris did not prevail." The court also stated that it based the amount of the award on Harris' degree of success. The court further justified the amount of its award under Sec. 1415(e)(4)(F)(i) of the IDEA, which states that "[w]henever the court finds that ... the parent ... during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy ... the court shall reduce, accordingly, the amount of attorney fees awarded."
 
 
 19
 We find that the amount of fees awarded was not an abuse of discretion. First, Harris did not succeed on some of her claims for relief. The hearing officer rejected her argument that the IEP was inappropriate, finding only that it was not adequately implemented. Second, her overall success was extremely limited. Harris requested $10,000 in room and board costs. No room and board was awarded. She also requested $3,036 in transportation costs, and received only $363.
 
 
 20
 Under these circumstances, we will not second-guess the district court's award. The court exercised its discretion to determine what amount of time was reasonably attributable to Harris's successful claims. This task was made more difficult because Harris's counsel submitted an affidavit which did not identify how many hours were spent on each issue, nor did it even date the hours billed. We see no abuse of discretion in the amount of fees awarded.
 
 
 21
 III. The district court clearly erred in finding Harris was not a prevailing party in the district court
 
 
 22
 Finally, the district court awarded no fees for the attorney fees action because it found neither Harris nor the District was the prevailing party in the district court, "since neither party's position was sufficiently vindicated to warrant a further award of fees." The district court clearly erred in making this determination. While Harris did not obtain the full amount of attorney fees requested, she did obtain $1,050. A party is still a prevailing party even if it does not receive all the relief requested. Hensley, 461 U.S. at 433 (plaintiff can be prevailing party if it succeeds on any significant issue in the litigation in which it achieves some of the benefit sought).
 
 
 23
 Attorney fees generally must be awarded to prevailing parties under the IDEA absent special circumstances. Abu-Sahyun v. Palo Alto Unified Sch. Dist., 843 F.2d 1250, 1252 (9th Cir.1988). The district court's discretion to deny fees is narrow. Id. at 1253. Whether special circumstances exist involves an examination of (1) whether the awarding of fees would further the congressional purpose in enacting the IDEA, and (2) the balance of the equities. Id.
 
 
 24
 Because the district court did not find Harris to be the prevailing party in the attorney fees action, the court did not determine whether special circumstances existed to justify a denial of fees. We therefore remand to the district court for an award of fees to Harris, unless the court makes a finding of special circumstances.
 
 
 25
 If the district court awards Harris fees for the district court action, Harris will have prevailed in her appeal on this issue and will be entitled to partial attorney fees on appeal. The amount of fees due on appeal should also be determined by the district court on remand.
 
 
 26
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3