117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey GERA, Plaintiff-Appellant,
v.
PARAMOUNT UNIFIED SCHOOL DISTRICT, Defendant-Appellee.
 No. 96-56107.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 24, 1997.
 
 Appeal from the United States District Court for the Central District of California; No. CV-94-4608-MLR; Manuel L. Real, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jeffrey Gera appeals from a favorable award of $25,000 in attorney's fees as a prevailing party under 20 U.S.C. § 1415(e)(4)(B) in his action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491o (1997). Gera contends that the district court erred by reducing the amount of requested fees and costs. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We apply the same standards to review an award of attorney fees under the IDEA as under 42 U.S.C. §§ 1988 and 2000e. See Barlow-Gresham Union High School Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1284 (9th Cir.1991). We review the amount of an attorney's fee award for abuse of discretion. See Ouesada v. Thomason, 850 F.2d 537, 538 (9th Cir.1988) (reviewing an award of fees under § 1988).
 
 
 4
 Here, the district court simply awarded $25,000, reducing the fee from the over $80,000 requested, with no explanation. We are unable to review the fee award without some indication that the court applied the criteria set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975). See Ouesada, 850 F.2d at 539 (stating that "something more than a bald unsupported amount is necessary to affirm an award of attorney's fees") (quotation omitted). The district court's failure to provide a clear explanation was an abuse of discretion. See Gates v. Deukmejian, 987 F.2d 1392, 1400 (9th Cir.1993).
 
 
 5
 Accordingly, we remand to the district court for an explanation of its reasons for the fee award. See id.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3