**NOT FOR PUBLICATION**

FEB 16 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE BANDA; MANUEL BANDA; LORENA BANDA, | No. 14-55300 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-03358-R-CW |
| v. | MEMORANDUM[*] |
| ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 10, 2016[**]
Pasadena, California

Before: KLEINFELD, McKEOWN, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

José Banda appeals the district court's order granting in part and denying in part his motion for attorneys' fees on his Individual with Disabilities Education Act (IDEA) claim. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not abuse its discretion in reducing the hours spent preparing for the hearing by 35 hours because it adequately explained that counsel "spent 36 hours preparing for the initial hearing and then spent another 49 hours preparing for the continued hearing" when "[t]he issues had not changed either factually or legally as a result of the continuance." *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Bernardi v. Yeutter*, 951 F.2d 971, 974–75 (9th Cir. 1991). The district court erred in failing to provide an adequate explanation for reducing the time spent on the closing brief by 15 hours, however, because it merely stated that the time spent on the brief was "excessive." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111–13 (9th Cir. 2008).

The district court did not abuse its discretion in identifying specific entries for 48.9 hours as block billing and reducing the requested hours by that amount. *Hensley*, 461 U.S. at 433–34; *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). But the district court erred in deducting 100 hours for block billing without further identification of the hours block billed or explanation regarding

how the reduction properly addressed overbilling. *See Welch*, 480 F.3d at 948; *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

The district court did not abuse its discretion in choosing the Antelope Valley as the relevant community for determining the prevailing market rate. The Antelope Valley is within the forum district where the IDEA litigation took place, and it is neither illogical nor implausible for the district court to select a discrete legal community in the location of the school district and litigation as the relevant community. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *Shirrod v. Dir., Office of Workers' Comp. Progs.*, No. 13-70613, 2015 WL 9583573, at *4 (9th Cir. Dec. 31, 2015).

The district court erred in refusing to award fees on fees. *See Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell*, 940 F.2d 1280, 1286 (9th Cir. 1991); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013).

We remand to the district court to provide a clear indication of how it exercised its discretion, *see McGrath v. Cty. of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995), and to consider the appropriate fee award to compensate litigation over the fee award. We decline to reassign this case to a different judge because there are no unusual circumstances here and there is no reason to believe that the district

judge would be unable to fairly and correctly provide an explanation for the decision. *See United Nat'l. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001). We decline to summarily affirm the portion of the fee award that the district court granted. The parties shall bear their own costs on appeal.

**VACATED and REMANDED**.